SHAFFER v. MINK ET AL.

FRAUDULENT CONVEYANCE: EVIDENCE ESTABLISHING: ATTORNEY AND CLIENT: PRIVILEGED COMMUNICATIONS.

*Appeal from Cedar District Court.*

TUESDAY, JANUARY 16.

ACTION to set aside certain conveyances of real estate. In March, 1878, the plaintiff obtained a judgment against the defendant, T. H. Mink, for $5,000. The legal title to the real estate in question is in Eva K. Mink, the wife of T. H. Mink. This action is brought to subject it to the payment of the judgment, on the ground that T. H. Mink is the equitable owner of it, and that the defendant, Eva, has no beneficial interest in it. The real estate at one time stood in the name of T. H. Mink, and was conveyed by him to his brother, B. A. Mink, and by B. A. to Eva K. Mink. B. A. Mink is made defendant. For answer the defendants aver that the defendant, Eva, purchased the real estate in good faith, and for a valuable consideration, and deny that T. A. Mink has any interest in it. There was a decree for the plaintiff. The defendants appeal.

*Sylvanus Yates*, for appellant.

*Piatt & Carr*, for appellee.

ADAMS, J.—We think that the evidence shows that the property in question belongs to the judgment debtor, T. H. Mink. One Kinyon testified that, after the conveyance by T. H. Mink to B. A. Mink, the defendant, Eva, stated that her husband conveyed the property to B. A. Mink to keep it out of the reach of the plaintiff, and that she complained about it, upon the ground that the conveyance should have been made to her, because it would be safer in her hands. He testified also that she stated that her husband made the conveyance to B. A. Mink instead of herself, because he was afraid to trust her. W. P. Wolf testified to hearing substantially the same statements made by her. One Mrs. Clapp testified that the defendant, Eva, told her that she held the property only to keep it from her husband's creditors. These witnesses were corroborated, to some slight extent at least, by several facts and circumstances, and while the testimony of the Minks, if they were to be believed, would completely disprove the allegations of the petition, we have to say that we do not think that they are to be believed. We have each of us reached this conclusion upon a separate reading of the evidence.

In determining a question of fact, like the one involved in this case, it is not our custom to set out the evidence in full. We could not do so without unduly extending our opinion, and it would be of no benefit to any one.

As we have set out the testimony of W. P. Wolf, we ought, perhaps, to notice an objection made to it. The defendants insist that the record shows that he was, at the time of the statements testified to, the attorney of Mrs. Mink, and that what she said was said in professional confidence. To this we have to say that it is not clearly shown that he was acting as such attorney, but if he was, we do not think that the testimony was inadmissible. The statements testified to are not shown to have been made to him, but merely in his presence. Besides, the objection urged does not appear to have been made in the court below.

AFFIRMED.