C. J. AND D. M. WYLAND, Appellants, v. B. B. GRIFFITH, JR., AND W. W. WHEELER.

**Privileged Communication.** An attorney who drew up a mortgage securing several debts may testify as to what was then said by the parties about applying the proceeds of the mortgage to one of the debts first.

**Directions to Apply.** Directions given by a mortgagor how to apply the proceeds of a mortgage, which directions are given by the mortgagor and after its proceeds have been applied, are of no avail.

**Practice.** Error in a ruling on a motion to strike matter from an answer is waived by the subsequent filing of demurrer to such answer.

SAME. Filing reply waives error in ruling upon demurrer to answer.

*Appeal from Shelby District Court.*—HON. N. W. MACY, Judge.

THURSDAY, OCTOBER 17, 1895.

Action at law upon two promissory notes. Defense, payment. Trial to a jury. Verdict and judgment for defendants, and plaintiffs appeal.—*Reversed.*

*Smith & Cullison* for appellants.

*Byers & Lockwood* for appellees.

Deemer, J.—August 22, 1887, defendants executed to one W. H. Bowlin, two promissory notes of five hundred dollars each; one falling due March 1, 1889, and the other September 1, 1889. Defendant Wheeler was a surety on the notes. These notes were afterwards transferred to plaintiff. On the fourth of October, 1889, Griffith being indebted to plaintiffs upon a note of two thousand dollars, and upon an overdraft of five hundred and four dollars and sixty-two cents, in addition to the notes in suit, executed to plaintiffs a chattel mortgage upon his stock of merchandise to secure the whole of his indebtedness to plaintiffs. Griffith continued in possession of the goods covered by the mortgage, depositing the money received from sales with plaintiffs until November 20, 1889, at which time plaintiffs took possession of the remaining goods, and foreclosed their mortgage thereon by sale on the sixth day of December, 1889. Defendant Griffith deposited with plaintiff, while he held possession of the goods, the sum of seven hundred and twenty-three dollars and eighty cents, and the goods sold at the foreclosure sale for two thousand five hundred and fifty dollars. Plaintiffs applied the money so received— *First,* in payment of the overdraft; *second,* upon the two thousand dollar note; and the remainder, amounting to four hundred and twelve dollars and thirty-six cents, they credited upon the five hundred dollar note first maturing. This suit was brought to recover the amount due on the two five hundred dollar notes. The

defendants admit the execution and delivery of the note, but they say that, when the chattel mortgage before referred to was given, it was expressly agreed and understood between the parties thereto that it should stand as security—*First*, for the two five hundred dollar notes; and, *second*, for the other indebtedness of defendant Griffith,—and that the money realized from the sale of the mortgaged goods, if applied as agreed, would fully extinguish the two notes in suit; that by virtue of these facts the notes in suit have been fully paid. The plaintiffs first moved to strike out all allegations of the answer with reference to the agreement in regard to the application of the proceeds of the mortgaged property, and as to the order in which the debts were to be secured. This motion was overruled, and they thereupon demurred to the answer, which demurrer was also overruled. They thereupon filed a reply denying each and every allegation of the answer inconsistent with their petition. The case went to trial to a jury on the issues thus joined, and a verdict was returned for defendants. Plaintiffs appeal.

I. In various forms the appellants present the question as to the validity of the agreement said to have been made at the time of the execution of the mortgage with reference to the order in which the debts secured by the mortgage were to be paid. We do not think the question is properly presented, for the reason that plaintiffs waived the error, if any, in the ruling on the motion to strike, by filing a demurrer to the answer, and the error in the ruling on the demurrer by the filing of a reply. They did not stand on either of the pleadings, but evidently concluded to take their chances on the question of fact presented. Having done this, and suffered defeat, they are not in position to complain of the law,

as given by the court. *Benjamin v. Vieth*, 80 Iowa, 149 (45 N. W. Rep. 731); *Carson, etc., Lumber Co. v. Knapp, etc., Co.*, 80 Iowa, 617 (45 N. W. Rep. 544); *Seippel v. Blake*, 80 Iowa, 142 (41 N. W. Rep. 199), and 45 N. W. Rep. 728); *Nieukirk v. Nieukirk*, 84 Iowa, 367 (51 N. W. Rep. 10); *Dodge v. Davis*, 85 Iowa, 77 (52 N. W. Rep. 2); *Stanbrough v. Daniels*, 77 Iowa, 561 (42 N. W. Rep. 443).

II.   Defendants having each testified to an understanding and agreement at the time the mortgage was made that the two five hundred dollar notes should be first secured and first paid from the proceeds of the mortgaged goods, the plaintiffs called in rebuttal one Cyrus Beard, Esq., an attorney at law, and the person who drew the mortgage and was present at the time it is claimed the aforesaid agreement was made, and propounded certain questions to him with reference to whether such an agreement was made or not. The lower court sustained an objection to the questions on the ground that the information possessed by the attorney was privileged. He also sustained objections to questions propounded to one of the plaintiffs with reference to who Beard was acting for, and as to who employed him in this transaction. Witness Beard also testified as to the relations he sustained towards plaintiffs and defendants, and this was stricken out. We think these rulings were each and all erroneous. It was certainly proper to show by plaintiff and by the attorney himself what his relations were to the parties,—whether he was an attorney for either of them, and, if so, for which. If it were true that Beard was the attorney for defendants, it does not follow that the conversation between defendants and the plaintiffs in his presence, at the time the negotiations were being conducted looking to the execution of the mortgage, were privileged. The conversation was not a confidential communication, properly

intrusted to the attorney in his professional capacity, to aid him in the discharge of the duties of his office. Indeed, it was not in any sense a confidential communication, if it could be considered a communication made to him under the statute. *Shaffer v. Mink,* 60 Iowa, 754 (14 N. W. Rep. 726); *House v. House,* 61 Mich. 69, (27 N. W. Rep. 858); *Goodwin Gas Stove Co.'s Appeal* (Pa. Sup.) 2 Am. St. Rep. 696; 12 Atl. Rep. 736; *Cady v. Walker,* 62 Mich. 157; *Colt v. McConnell* (Ind. Sup.) 19 N. E. Rep. 106; *Griffin v. Griffin* (Ill.) 17 N. E. Rep. 782. See, also, authorities cited in 19 Am. & Eng. Enc. Law, p. 139. Little is said by counsel for appellees in support of the ruling of the district court. But it is insisted that, if the rulings were erroneous, it was error without prejudice. In this view we cannot concur. The testimony of the witness Beard was taken by deposition, and we have the answers he made to the questions propounded. His answers, if believed by the jury, would tend strongly to show that no such agreements or understanding as claimed by the defendants was made or had between the parties. We are very clearly of the opinion that this testimony should have been admitted.

III. "Exhibit D," which was a written notice given by defendant Griffith to plaintiffs long after the execution of the mortgage, as to how the proceeds should be applied, should not have been admitted; as a direction given by a debtor after the execution of a mortgage, as to the application of the proceeds from the mortgaged goods, would be of no avail. The money so received had already been applied, and had passed under the control of plaintiffs by the execution of the mortgage. The error, if any here, was probably covered by the instructions; and we refer to it in view of a retrial, so that our position may not be misunderstood.

IV.   Other questions are discussed by counsel, but, as they will not arise upon a retrial, we will not consider them.   For the errors above pointed out, the judgment is *reversed*.