The District Township of Viola, Appellant, v. Phillip Bickelhaupt, *et al.*

**Accounting by School Officers:** settlement: *Burden of proof.* In an action by a district township against its former treasurer for an accounting, it appeared that defendant made regular semi-annual settlements, as required by Code, section 1732, during his term of office, and that at several of these settlements vouchers submitted by him were, after examination, destroyed against his protest. *Held,* that the burden was on the plaintiff to show what credits, if any, were improperly allowed to defendant; and this, though the defendants kept plaintiff's records so badly that it cannot be shown therefrom whether or not unauthorized orders were paid.

**Acts in Excess of Authority:** *Renewal orders.* A township treasurer who, under authority to issue renewal orders in payment of a township indebtedness, instead *sells* such orders, and applies only a portion of the proceeds of the sale thereon, is chargeable, on an accounting with the township, with only the excess realized on such sale over the amount so applied, where it appears that the district had value received for the old orders.

**Stipulation as to Demurrer:** waiver of ruling. A stipulation, made after the submission of the evidence, providing that the demurrers to the answer should be decided with the main case, and, if the court should hold that such demurrers ought to be overruled, "then the reply now on file shall be deemed  *  *  * as filed," and a final decree rendered, waives any error involved in overruling the demurrers.

*Appeal from Audubon District Court.*—Hon. Walter I. Smith, Judge.

Wednesday, October 28, 1896.

Action in equity for an accounting and to recover money received. There was a hearing on the merits, and a judgment in favor of the plaintiff. The plaintiff appeals.—*Affirmed.*

*B. I. Salinger* for appellant.

*Theo. F. Meyers* and *H. U. Funk* for appellees.

ROBINSON, J.—The plaintiff is a district township in the county of Audubon, duly organized and existing for school purposes. The defendant, Bickelhaupt, was its treasurer from the latter part of February, A. D. 1889, until about the twenty-second day of September, A. D. 1891, and the defendant, H. S. Jones, was its secretary from September, A. D. 1888, until some time in the year 1890. The plaintiff alleges that Bickelhaupt, as treasurer, received from his predecessor about one thousand seven hundred dollars, which belonged to its schoolhouse and contingent funds, and from the county treasurer various sums belonging to those funds, which amounted in the aggregate to three thousand one hundred and sixty-two dollars and fifty-six cents; that he has refused to account for the money so received; and that, if an accounting be had, it will be found that he is owing to the plaintiff three thousand dollars. It is further alleged in an amendment to the petition that during the time the defendants acted as secretary and treasurer of the plaintiff, as stated, they unlawfully conspired together to falsely account for the funds of the plaintiff in the hands of Bickelhaupt, and that in pursuance of such conspiracy such orders were issued on the funds of the plaintiff without authority of law, and used for the benefit of Bickelhaupt in his accountings with the board of directors under the pretense that they were genuine and valid. Judgment against the defendants for the amount found to be unaccounted for is demanded. The district court rendered judgment in favor of the plaintiff and against both defendants for the sum of four hundred and thirty-six dollars and sixty-five cents

and costs, and against Bickelhaupt for the further sum of fifty-six dollars and four cents.

I.    The appellees have filed a motion to dismiss the appeal of the plaintiff on the ground that it is not shown to have been perfected. An amendment to the abstract and a transcript of a part of the record show that the motion is not well-founded, and it is overruled. An appeal was also taken by the defendants, but it has been waived by payment to the clerk of the district court of the amount of the judgments against them. No attempt has been made to prosecute it, and it is therefore dismissed.

II.    After the evidence had been submitted, the cause was taken under advisement by the court under a stipulation which provided for a final judgment, although the issues had not been fully settled. The plaintiff had filed demurrers to parts of the answers, and also a reply. The stipulation contained the following:    "Defendant P. Bickelhaupt files amendment to his amended and substituted answer, and plaintiff files separate demurrer to parts of answers of defendants as amended, and by agreement said demurrers are submitted and are to be decided with the main case; and it is agreed that, in case the court should be of the opinion that said demurrers ought to be overruled, then the reply now on file shall be deemed by the court as filed on behalf of plaintiff to the answers of both defendants, and, the evidence on part of plaintiff and defendants being adduced, the case is argued by counsel, and fully submitted, and it is agreed by the parties that a final decree may be entered herein, either in term time or vacation." At the time of rendering judgment the district court overruled the demurrers, and of that ruling the plaintiff now complains. The effect of the stipulation was to waive on the part of the plaintiff, the adverse rulings on the demurrer, and give to it the

benefit of the reply. It cannot now be heard to question the rulings. *Wyland v. Griffith*, 96 Iowa 24 (64 N. W. Rep. 673), and cases therein cited.

III. The appellant claims in argument that Bickelhaupt received as its treasurer, money to the amount of more than twelve thousand dollars; that he paid to his successor less than eight hundred dollars and accounts for but eight hundred and eighty-eight dollars and thirty-eight cents otherwise paid out, and that there is unaccounted for the sum of nine thousand, eight hundred and fifty-five dollars and fifty-six cents. Bickelhaupt cannot be made responsible for money that never came into his hands, and the money he actually received is shown to have been as follows: From his predecessor, one thousand, seven hundred and thirty-one dollars and thirty-two cents; from the county treasurer, seven thousand, nine hundred and thirty-nine dollars and seventy cents; from the county auditor, seven hundred and ninety-one dollars and seventeen cents; making a total of ten thousand, four hundred and sixty-two dollars and nineteen cents. It is the theory of the appellant that the defendant must show that all of this money not paid to the successor of Bickelhaupt was paid out on valid orders; that credit cannot be allowed for payments made on orders apparently regular, and issued by direction of the board of directors, if they were not authorized by law; and that no credit can be allowed on account of any payment for which a proper voucher is not produced. It is true that a treasurer of a district township must account in a proper manner for all money he has received, and that, as a general rule, he should produce a valid voucher for each credit he claims; but this case is not in all respects governed by that rule. It appears that Bickelhaupt during his term of office made regular semi-annual settlements of his accounts, either with the

board of directors of the plaintiff direct, or with a committee appointed by it; and that of the five settlements thus made all except the last one were treated by the board and by Bickelhaupt as satisfactory and final. At several of those settlements, after vouchers submitted by him had been examined, they were destroyed by representatives of the plaintiff, against his protest. Others were given to officers of the plaintiff, and apparently cannot now be found. Vouchers were not destroyed with any wrongful intent, but under the belief that it was proper to do so, to make further use of them impossible. It is manifest that to require the defendants to produce vouchers for all payments claimed to have been made, or even to give proof of their contents which shall be entirely satisfactory, would be grossly unjust. The settlements were required by law. Code, section 1732. Some of them were lacking in formality, but, in view of the admitted facts, we think all of them excepting the last one should be treated as *prima facie* sufficient, and that the burden of showing what credits, if any, were improperly allowed to Bikelhaupt is upon the plaintiff. 2 Beach, Pub. Corp., section 788; *Board v. Packwood*, 42 La. Ann. 468, 7 So. Rep. 537. Of the amount of money received by Bickelhaupt he paid to his successor seven hundred and ninety-five dollars and nineteen cents. He also paid out during his term on account of the teachers' fund an aggregate of six thousand four hundred and forty-one dollars. No claim was made in the district court of any failure to account for all of that fund, and the claim now made in this court that the defendants have failed to submit proof of all payments from it, alleged to have been made, will be disregarded. The appellant has not called our attention to any failure by Bickelhaupt to account properly for all of the schoolhouse fund which was received by

him, and no further attention will be paid to it. The claims made by the appellant of unauthorized payments, and failure to make the proper accounting, relate almost exclusively to the contingent fund. Some orders for the payment of which Bickelhaupt alleges that he is entitled to credit are said to have been issued without authority. There is evidence in the record which tends to show that some of the orders on the contingent fund which Bickelhaupt claims to have paid were issued for record books, maps, charts, and perhaps other purposes, for which debts cannot be contracted (Code, section 1729; chapter 149, Acts Nineteenth General Assembly; chapter 107, Acts Twenty-first General Assembly;) and there was no money in that fund when they were issued. The plaintiff has said, that two orders given for insurance, to the amount of one hundred and sixty-two dollars and two cents, a third order for fifty-seven dollars and fifty-five cents, a fourth for one hundred and thirty-six dollars, and a fifth for one hundred and sixty-eight dollars and thirty-five cents, given for apparatus, were drawn on the contingent fund at a time when it "was already badly in debt" and "insolvent." This is denied by the defendants. It appears, that the fourth order was paid by the predecessor of Bickelhaupt. It does not appear that the fifth was ever issued, or credit therefor given, and the facts in regard to the other three, are uncertain. The plaintiff claims that the testimony of Bickelhaupt shows, that the contingent fund was always overdrawn during the entire time in controversy, but an examination of the transcript does not sustain the claim. Our conclusion is, that the plaintiff has not shown that any order issued for a purpose for which a debt may not be contracted, and paid by Bickelhaupt, was drawn on the contingent fund when there was no money in that fund for its payment.

IV.   The controversy of chief importance arises in regard to certain orders which are a part of what is designated in argument as "the Kane orders."   It appears that from time to time, during several years, Thomas Kane & Co. sold to the plaintiff furniture and supplies of various kinds for the use of the schools, and received in payment, orders, some of which were drawn upon the schoolhouse, and others on the contingent fund.   The defendant Jones acted as agent of Thomas Kane & Co. in effecting many of these sales.   On the sixth day of November, 1888, several of the orders so issued were outstanding and unpaid. · Their amount is not definitely known, but may have exceeded one thousand three hundred dollars.   On the day specified, action was taken by the board of directors of the plaintiff as follows:   "J. C. Bonwell moved:   'Whereas, the township has not paid the old or new warrants issued to Thomas Kane & Co. for the several districts, and the same being due for several years:   Moved, that the old warrants past due, be reissued to Thomas Kane & Co., and make them payable at such times as they make settlement with the company.'   Carried."   Under that action orders to the amount of seven hundred and eighty dollars were issued nominally in renewal of old orders which had been made to Thomas Kane & Co., but they were not delivered to that firm.   At that time Bickelhaupt was president and Jones was treasurer of the plaintiff, and they signed officially the orders so issued.   Jones had taken some of the orders in payment of commission due for sales made by him to the plaintiff and to others.   He claims that he also held an order for ninety dollars, given by the plaintiff for maps.   The renewal orders were delivered to Jones, who sold them, and paid three hundred and forty-one dollars and forty-six cents on old Kane orders which were in bank.   Bickelhaupt was present when the orders were sold.   No satisfactory

account is given of proceeds of the sale in excess of the amount paid on the old orders, although it is claimed that they were applied on old Kane orders held by Jones and on the map order. The district court found that it was not shown that the map order was outstanding when the new orders were issued, and that the defendants had never accounted for the proceeds of the new orders which were not applied on the old orders paid the bank, as stated. Accordingly it rendered judgment against both defendants for the difference between the amount of the new orders and the amount paid to the bank. The judgment rendered against Bickelhaupt alone, is for interest he paid on orders in excess of the rate authorized by law. As the defendants have not perfected an appeal, they cannot complain of the judgments. The plaintiff insists that no allowance should have been made for the amount paid on the old orders. We are satisfied that they were issued for school furniture and other articles sold to the plaintiff, which it has used; and, although the sale of the new orders was not authorized, yet as a just result has been reached in regard to the orders paid, we must decline to interfere with the allowance made by the district court. It is said that Bickelhaupt claims credit for payments made on orders issued at different times which are not shown to have been authorized by the board of directors of the plaintiff. It appears that the records of the plaintiff have been badly kept, and it is impossible to tell whether the omissions in them upon which the plaintiff relies, are due to carelessness or want of knowledge on the part of its officers, or whether orders have been paid which were not duly authorized by the board of directors. But the payments on orders of that character were included in the semi-annual settlements made with Bickelhaupt, and the plaintiff has failed to overcome the presumption of a full and

correct accounting which those settlements author-
ize. We conclude that the evidence does not justify
an increase of either of the judgments rendered by the
district court, and they are therefore AFFIRMED.