**STATE of Iowa, Appellee,**

v.

**Merlin BEAN, Appellant.**

No. 57890.

Supreme Court of Iowa.

March 17, 1976.

Jerald W. Kinnamon and Jon M. Kinnamon, Cedar Rapids, for appellant.

Richard C. Turner, Atty. Gen., Michael W. Coriden, Asst. Atty. Gen., and Gene Kopecky, County Atty., for appellee.

Submitted to MOORE, C. J., and UHLENHOPP, REYNOLDSON, HARRIS and McCORMICK, JJ.

HARRIS, Justice.

Merlin Bean (defendant) was tried and convicted of the crime of receiving stolen goods in violation of § 712.1, The Code. He appeals, assigning as error various pretrial rulings. We affirm the trial court.

Detective Engrav of the Cedar Rapids police had been assigned to help in solving a series of break-ins around the Cedar Rapids area, including one occurring November 2, 1973. On November 28, as part of his investigation, Engrav took a statement from Roy Lawrence.

Lois Bean, defendant's wife, had sold Lawrence a valuable stamp, apparently at his shop. After purchasing the stamp, it was identified as having been stolen during the November 2 break-in. Lawrence stated he had also gone to the Bean residence and been shown other merchandise. Some of the items Lawrence purchased there had likewise been turned over to the police as stolen goods. The dates of Lawrence's purchase of the stamp and visit to the Beans' residence do not appear to have been disclosed to the judge issuing the search warrant.

Detective Engrav's affidavit for a search warrant, dated November 29, set out the above facts. It additionally included Engrav's sworn assertion he "personally [knew] that stolen merchandise has been handled by the Bean family in the past and [he] also [knew] that both of the Bean family, Lois and Merlin [defendant] have been charged with violations of state laws for stealing and/or stolen merchandise."

On March 13, 1974 Bean filed a motion to suppress, alleging the search warrant was not based on probable cause. The motion was overruled.

I. Defendant argues timeliness is an essential ingredient of probable cause, that property must be recently placed on the scene to justify a search. He cites *Durham v. United States*, 403 F.2d 190 (9 Cir. 1968) and *United States v. Guinn*, 454 F.2d 29 (5 Cir. 1972).

Defendant contends the information for the search warrant was insufficient because it was stale. He points out the judge could not know when the stamp was allegedly sold to Lawrence or when Lawrence saw the merchandise at the Bean residence. He does concede the stamp could have been purchased no earlier than November 2, 1973 when it was stolen.

■ We should note a somewhat similar question is not involved in this submission. Defendant does not argue there was no probable cause for lack of any specific date. See 68 Am.Jur.2d, Searches and Seizures, § 70, p. 724; Annot., 100 A.L.R.2d 525, 527, § 3. Since it is manifest no greater period than 27 days could be involved, failure to note a specific date should not be a conclusive bar. See 79 C.J.S. Searches and Seizures § 73d, p. 858. But he insists the court must assume the maximum time elapsed. See *State v. Birkestrand*, 239 N.W.2d 353 (Iowa 1976). In view of the ready portability of the goods sought, he argues the warrant must be found invalid.

■ It has long been established the issuing magistrate must find probable cause at the time the search warrant is issued, and not merely at some earlier time. *Sgro v. United States*, 287 U.S. 206, 53 S.Ct. 138, 77 L.Ed. 260 (1932).

■ We note, approve, and adopt the following:

"The proof of probable cause which must be made before a search warrant may be issued must be of facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time, and whether the proof meets this test must be determined by the circumstances of each case. Generally, it may be said that no more than a 'reasonable' time may have elapsed, and that the recital must be of facts so closely related to the time of issuance of the warrant as to justify a finding of probable cause at that time. \* \*. In determining whether the lapse of time has been unreasonable, heavy reliance will often be placed upon the nature of the alleged offense, a greater lapse of time being permissible where the activity is of a continuous nature as distinguished from an isolated violation." 68 Am.Jur.2d, Searches and Seizures, § 70, pp. 724–725. See also *Bastida v. Henderson*, 487 F.2d 860, 864 (5 Cir. 1973); *Birkestrand*, supra.

■ A claim of staleness of facts precluding issuance of the warrant is not to be determined by a mere computation of the number of elapsed days. *United States v. Rahn*, 511 F.2d 290, 292 (10 Cir. 1975) cert. denied, 423 U.S. 825, 96 S.Ct. 41, 46 L.Ed.2d 42 (1975); *United States v. Harris*, 482 F.2d 1115, 1119 (3 Cir. 1973); *United States v. Townsend*, 394 F.Supp. 736, 744 (E.D.Mich.1975).

There is some merit in defendant's contention the property to be seized in the instant case was readily removable. This factor was noted in *Guinn*, supra, 454 F.2d at 36 and in *Rahn*, supra, 511 F.2d at 292–293. In the instant case there is evidence of attempts to sell the goods. Compare with *Rahn*, supra.

However there is also merit in the State's contention the evidence shows a continual violation by defendant and his wife so as to make timeliness less essential. *Bastida v. Henderson*, supra, 487 F.2d at 464 and *Harris*, supra, 482 F.2d at 1119. The record shows "an accumulation" of evidence, not likely to disappear. Where larger amounts of stolen property are involved there seems to be greater likelihood the stolen property sought could still be found. *Townsend*, supra, 394 F.Supp. at 744.

■ The test is whether a person of reasonable prudence would believe a crime was being committed on the premises to be

searched or evidence of a crime was being concealed there. *United States v. Neal*, 500 F.2d 305, 307 (10 Cir. 1974). The test is one of probability and not certainty. We believe the trial court's refusal to suppress the evidence obtained in the search should be affirmed.

■ In issuing the warrant the court had before it two separate purchases of allegedly stolen property obtained from defendant's wife. One of the purchases had been made at defendant's residence. The other item purchased was identified as having been stolen in a break-in where considerable property had been taken. A list of the goods taken was attached to Engrav's affidavit. The list was three pages long. It was reasonable to believe that even after as much as 27 days had passed some of the property would still be found at defendant's residence.

Defendant's first assignment is without merit.

II. Defendant's second assignment challenges a ruling by the trial court recognizing an attorney-client privilege under § 622.10, The Code. At the suppression hearing Brent Harstad, a Cedar Rapids lawyer, was called to testify. Harstad stated he was attorney for certain Cedar Rapids police officers. Harstad recalled he had informed defendant's uncle, Algy Long, and Jim Fitzpatrick "that some information had been given me at a prior time that led me to believe there was a possibility that there was some question as to the legality of the search of Mr. Bean's property."

Long testified Harstad had told him he could give Bean's attorney "some information leading to the fact that they [were] in the house, in Merlin C. Bean's residence, before they had obtained the search warrant." At the suppression hearing Harstad was asked:

"Q. Can you tell us what your sources of information are? A. No, that's privileged. I would claim the privilege under Section 622.10.

"Q. That would be as an attorney conferring with a client? A. Yes, sir.

"Q. Would the clients to whom you're referring be one of the number of Cedar Rapids Police Officers who you are representing? A. I think that would be privileged also.

"Q. Who was the client that gave you this information? A. I would claim the privilege under 622.10, also; attorney-client privilege.

"Q. Do you mean the name of the individual? A. Yes, sir."

The controversy in the trial court centered principally around the question of waiver of privilege, not the question of existence of privilege. On appeal defendant assigns the trial court's ruling that an attorney-client privilege existed at all.

■ There are two threshold questions. First it might be asked whether the attorney may claim the attorney-client privilege for an absent client. The privilege belongs to the client and the client alone can waive it. But where it has not been waived another question is presented on the claim of it. If the client " .* * * is not present at the taking of testimony, nor a party to the proceedings, the privilege may be called to the court's attention by anyone present, such as the attorney for the absent client, or a party in the case, or the court of its own motion may protect the privilege. * * *." McCormick on Evidence (Second Ed.1972) § 92, p. 193. We have said the right of an attorney under such circumstances amounts to a duty. *Chicago G.W.R. Co. v. McCaffery*, 178 Iowa 1147, 1154–1155, 160 N.W. 818, 821 (1917). See also *Shepherd v. McGinnis*, 257 Iowa 35, 47, 131 N.W.2d 475, 482 (1964). It was appropriate for the witness to call the matter to the court's attention.

■ There is a grave threshold question of whether the assignment of error urged on appeal was adequately preserved. It is well settled a party cannot announce one reason for an objection at trial and then, on

appeal, rely upon a different one to challenge an adverse ruling. *State v. Hinsey*, 200 N.W.2d 810, 816 (Iowa 1972). The reason for the rule serves also to test the sufficiency of the objection. " \* \* \* The trial court has the right to know the basis for an objection so that any defect may, if possible, be remedied and the trial saved. \* \* \*." *State v. Coffee*, 182 N.W.2d 390, 393 (Iowa 1970).

■ Under this test we believe defendant's claim was scarcely but adequately preserved. However one ground now urged supporting it—a claim of violation of defendant's right to compulsory process under Amendments 6 and 14, United States Constitution, and Article 1, § 10, Iowa Constitution—was not even remotely mentioned in trial court. Hence we give that ground no consideration on appeal.

■ Defendant is right in asserting the privilege does not ordinarily extend to the identity of a client.

"Does the privilege for confidential communications, extend to the fact of consulting or employing such an officer, when intended to be confidential? The weight of authority denies the privilege for the fact of consultation or employment, including the component facts of the identity of the client \* \* \*." McCormick on Evidence (Second Ed.1972) § 90, pp. 185–186. See *Rand v. Ladd*, 238 Iowa 380, 391, 26 N.W.2d 107, 112 (1947); *Wyland v. Griffith*, 96 Iowa 24, 27–28, 64 N.W. 673, 674 (1895). See also *In re Michaelson*, 511 F.2d 882, 887–888 (9 Cir. 1975), cert. denied, 421 U.S. 978, 95 S.Ct. 1979, 44 L.Ed.2d 469 (1975); *Baird v. Koerner*, 279 F.2d 623, 629–630 (9 Cir. 1960); 8 Wigmore, Evidence (McNaughton rev. 1961) § 2313, pp. 609–610; 46 Iowa L.Rev. 904, 905 (1961); 81 Am.Jur.2d, Witnesses, § 213, pp. 244–246; 97 C.J.S. Witnesses § 283e, pp. 802–803; Annot., 16 A.L.R.3d 1047.

The State concedes the foregoing principle but relies upon an exception. In the ordinary case disclosure of the existence of an attorney-client relationship could do no harm to the client. The exception which arises in special situations has been described as follows:

"While the disclosure of the name or identity of a client is generally held not, in and of itself, a matter within the attorney-client privilege, it has become so in situations in which so much has been divulged with regard to the legal services rendered or the advice sought, that to reveal the client's name would be to disclose the whole relationship and confidential communications. Thus, in a number of civil actions courts have declared a client's name privileged where the subject matter of the attorney-client relationship has already been revealed; and in criminal proceedings, particularly where the attorney is not the accused, courts have recognized that a client's name may be privileged if information already obtained by the tribunal, combined with the client's identity, might expose him to criminal prosecution for acts subsequent to, and because of, which he had sought the advice of his attorney. \* \* \*." 81 Am. Jur.2d, Witnesses, § 213, p. 246. See also *In re Grand Jury Proceedings*, 517 F.2d 666 (5 Cir. 1975); *American Can Company v. Citrus Feed Co.*, 436 F.2d 1125 (5 Cir. 1971); *Baird v. Koerner*, supra, 279 F.2d at 629–630, 635; 16 A.L.R.3d at pp. 1053–1054.

■ The determination of whether identity of a client should fall within the foregoing exception is largely within the trial court's discretion. See 46 Iowa L.Rev. at 909. We believe the trial court exercised that discretion properly in the instant case.

Defendant's second assignment is without merit.

III. Defendant's final assignment challenges denial of his motion for bill of particulars. The motion was twofold.

■ First defendant sought information on "the manner in which the State expects to identify the property alleged to have been received and concealed herein." The trial court was right in denying the motion

for such a purpose. We rejected defendant's contention in *State v. Lass*, 228 N.W.2d 758, 765 (Iowa 1975). See also 42 C.J.S. Indictments and Informations § 156a, pp. 1092–1093.

The second facet of defendant's motion sought a more precise description of the property alleged to have been received and concealed. A motion for a bill of particulars is addressed to the sound discretion of the trial court. We reverse only if that discretion is abused. *Lass*, supra, 228 N.W.2d at 765; *State v. Galloway*, 167 N.W.2d 89, 90 (Iowa 1969) and *State v. Salter*, 162 N.W.2d 427, 431 (Iowa 1968).

In overruling the motion the trial court expressly noted defendant had the right to personally examine the property by virtue of a prior trial court ruling. Under this state of the record defendant was in no way harmed by the ruling he challenges. We need not reach the question of whether, in the absence of such right to inspect, there would have been merit in defendant's contention.

AFFIRMED.