STATE of South Dakota, Plaintiff and Respondent,

v.

Kenneth R. WEIKER, Defendant and Appellant.

No. 12537.

Supreme Court of South Dakota.

Considered on Briefs April 24, 1979.

Decided June 7, 1979.

John P. Guhin, Asst. Atty. Gen., Pierre, for plaintiff and respondent; Mark V. Meierhenry, Atty. Gen., Pierre, on the brief.

Donald H. Breit, Sioux Falls, for defendant and appellant.

WOLLMAN, Chief Justice.

Appellant was found guilty of burglary in the third-degree on stipulated facts. Appellant challenges the sufficiency of the affidavit submitted in support of a request for the search warrant that produced evidence leading to the conviction. We affirm.

Detective Satterlee of the Sioux Falls Police Department stated in the affidavit that the manager of A-1 Appliance in Sioux Falls had reported to the Sioux Falls police that a two-way radio and a Black & Decker drill had been stolen from the store's van on December 11, 1977. The affidavit further showed that on December 16, 1977, one Ralph Criger had brought a certain two-way radio to the Sioux Falls Police Department and had stated that the radio had been stolen from an A–1 Appliance van and that he, Criger, had received the radio from two individuals who had told him to sell it for whatever he could get. The radio matched the description of the radio reported missing by the manager of A-1 Appliance. Mr. Criger was able to inform the police of the name of one of the individuals who brought him the radio to sell. Mr. Criger went on to state that the individuals wishing to sell the radio lived in a house directly across the street from Mr. Criger's residence. He further stated that he had observed the two individuals bring the radio from the house across the street to his house.

Upon further investigation, Detective Satterlee determined that the named individual who had brought the radio to Mr. Criger resided at 1131 North Phillips Avenue, and he further determined that the residence in question was being rented by one Rita Weiker. Believing that the Black & Decker drill that had been stolen from A 1 Appliance was located at the Weiker residence, the officer requested a search warrant be issued for a search of the premises.

Appellant contends that the information received by Detective Satterlee was too remote in time to be the basis for supporting probable cause for issuance of a search warrant. Appellant places great reliance upon the fact that Mr. Criger did not relate to the police the amount of time that had passed from his receipt of the two-way radio to the time he turned it over to the police. Appellant concludes that because of this uncertainty the information contained in the affidavit must be considered stale.

■ The state argues that the test to be followed is that the proof put before the magistrate must be "of facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time. Whether the proof meets this test must be determined by the circumstances of each case." *Sgro v. United States*, 287 U.S. 206, 210-11, 53 S.Ct. 138, 140, 77 L.Ed.2d 260, 263 (1932). Staleness of information is not to be determined solely by computing the length of the delay between the events relied upon and the issuance of the warrant. *United States v. Rahn*, 511 F.2d 290 (10th Cir. 1975); *State*

v. *Bean*, 239 N.W.2d 556 (Iowa 1976). The determination to be made is whether from the facts presented it is reasonably probable that the items to be seized are still on the premises. *State v. Roth*, 269 N.W.2d 808 (S.D.1978); *State v. Haron*, 88 S.D. 397, 220 N.W.2d 829 (1974). See also *United States v. Dauphinee*, 538 F.2d 1 (1st Cir. 1976) (information thirty days old); *United States v. Rosenbarger*, 536 F.2d 715 (6th Cir. 1976) (stolen goods—information twenty-one days old); *United States v. Rahn*, supra (possession of stolen weapons—information approximately two years old); *State v. Bean,* supra (stolen goods—information twenty-seven days old). See also Annot. 100 A.L.R.2d 525 (1965).

■ After drawing every reasonable inference possible in a manner supporting the determination of probable cause made by the magistrate, as we are required to do, *State v. Wielgus*, 278 N.W.2d 805 (S.D. 1979); and *State v. Kaseman*, 273 N.W.2d 716 (S.D.1978), we conclude that the information presented to the magistrate was not so stale that it vitiated the affidavit.

■ Appellant argues that the affidavit does not meet the two prongs of the test governing the sufficiency of affidavits for search warrants established by the United States Supreme Court in *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).

This court has previously held in *State v. Roth*, supra; *State v. Gerber*, 241 N.W.2d 720 (S.D.1976); and *State v. Haron*, supra, that information supplied by victims of a crime or by citizen-eyewitnesses is subjected to less rigorous examination than is information supplied by paid informants. In *State v. Haron* we said:

> We agree with the holding in *United States v. Bell*, [457 F.2d 1231 (5th Cir. 1972)], that the strict requirements of *Aguilar* and *Spinelli* are limited to those cases in which the information in the affidavit has been supplied by an unnamed, unidentified informant and that where, as in the instant case, the information, or at least a greater part of it, has been supplied by the victim of the alleged crime or by identified eyewitnesses, the reliability of the information so supplied and the credibility of the informants are sufficiently established if on the face of the affidavit it appears that the named victim-eyewitness informants were in a position to have observed the matters related to the officer who submits the affidavit to the magistrate.

88 S.D. at 402, 220 N.W.2d at 832.

In the present case, Mr. Criger saw the radio being carried from the residence identified in the search warrant and was asked by the individual carrying the radio to sell it for whatever he could get for it. There is no suggestion in the record that Mr. Criger was anything but a citizen-eyewitness. Cf. *State v. Roth*, supra. There were no charges outstanding against him, nor was he under investigation by the police. Cf. *State v. Wielgus*, supra. There is nothing in the affidavit that would raise a question regarding his credibility.

We conclude that the search warrant was properly issued. Accordingly, the judgment of the trial court is affirmed.

All the Justices concur.