Brown v. Harper.

AFFIRMED.

## BROWN v. HARPER.

1. **Practice:** ARBITRATION: APPEAL. An appeal lies from the order of a court recommitting a cause to arbitrators after the filing of their report.

2. ——: ——: MISCONDUCT OF ARBITRATOR. Evidence considered and held to show misconduct indicating partiality upon the part of an arbitrator, rendering the re-submission of the cause by the court to the same arbitrators erroneous.

*Appeal from Linn District Court.*

THURSDAY, OCTOBER 7.

ON the 17th day of December, 1878, the plaintiff and the defendant entered into a written agreement to submit certain questions of difference between them to W. S. Taylor, J. H. Camburn and O. C. L. Jones, as arbitrators, stipulating that the award should be made in writing by the 1st day of March, 1879, and delivered to the Linn District Court, and that judg-

ment should be entered thereon. On the 26th day of February, 1879, two of said arbitrators, J. H. Camburn and O. C. L. Jones, signed an award, directing that Brown should execute to Harper a deed for an undivided part of a lot in Cedar Rapids, and should further pay him the sum of $41,445.14. The other arbitrator, W. S. Taylor, refused to sign the award. Subsequently the award was filed in the office of the clerk of the Linn District Court. On the 12th day of April, 1879, the plaintiff filed in the said court a motion, as follows:

"Now comes N. B. Brown and asks that the award in the above entitled cause be rejected for the following reasons:

"1st. That the cause was not tried, nor submitted to the arbitrators.

"2d. That before the issues were all made up, or the evidence closed, the arbitrators adjourned, and, on account of the sickness of O. C. L. Jones, did not meet again.

"3d. That the signature of O. C. L. Jones was obtained to said award by fraud and deception.

"4th. That the so-called award is not in fact an award of the arbitrators, but only the finding of one of them."

On the 14th day of April, 1879, the defendant filed the following motion:

"Comes now the defendant, Wm. Harper, and moves the court that the award rendered and returned in above action be remanded and recommitted to the arbitrators making the same, for a further and re-hearing, for the reasons:

"1st. That the hearing of the matters submitted had not been fully completed.

"2d. All the matters submitted were not fully heard by said arbitrators, nor all the testimony of the parties received, for the reason that the time provided in said submission prevented, and the plaintiff, although requested by defendant, refused to extend the time of filing said award."

The court made the following order:

"It is ordered that the award heretofore made in this cause be recommitted to the same arbitrators, the parties

having failed to agree on other arbitrators; the arbitrators to give fifteen days' notice of the time and place of hearing, and the hearing to be had in Cedar Rapids, Iowa. To all of which plaintiff excepts. Plaintiff then offers to file declination of one Taylor, arbitrator, which is refused. Motion to reject award overruled."

The plaintiff appeals.

*Rickel, West & Eastman* and *Ward & Harmon*, for appellant.

*Blake & Hormel*, for appellee.

DAY, J.—I. The appellee filed a motion to dismiss the appeal upon the ground that no appeal is allowed by statute from the order in question. The two cases most directly in point, relied upon by the appellee, are *Bryan v. Brennon*, 7 How. Pr. Rep., 359, and *Smith v. Dodd*, 3 E. D. Smith, 348. Both cases are appeals from an order of reference. The case of *Bryan v. Brennon* was determined in the Supreme Court of New York. The question is given but little consideration, and it cannot be regarded as a case of much authority. The case of *Smith v. Dodd* was determined in the Court of Common Pleas for the city and county of New York. The ground of the decision is that, when the action is referable in its nature, an order of reference is a matter in the discretion of the judge, and not appealable. But suppose the question to be whether the action is referable in its nature. In what manner can that question be determined unless an appeal is allowed? Suppose a court should, in an ordinary action at law, upon motion of one of the parties, order a reference. Must the other party submit to the unlawful mode of trial, and wait until a final judgment is rendered against him before he can prosecute an appeal? In *McMartin v. Bingham*, 27 Iowa, 234, an appeal was taken from an order referring an action by ordinary proceedings without the consent of the parties.

1. PRACTICE: arbitration: appeal.

No question was made as to the right to entertain the appeal, and the order was reversed. In *Callanan & Ingham v. Shaw*, 19 Iowa, 183, it was directly held that an appeal lies from an order appointing or refusing to appoint a receiver. In *Rain v. Delano*, 11 Abbott's P. R. N. S., 29, it was held that a right of trial by jury is a substantial right, and that where an order of reference is made in a case not properly referable, the order is appealable. The same doctrine is recognized in *Welsh v. Danagh*, 52 N. Y., 590. Section 3427 of the Code provides: "The award may be rejected by the court for any legal and sufficient reasons, or it may be recommitted for a're-hearing to the same arbitrators, or any others agreed upon by the parties." This does not confer upon the court the right to reject or recommit the award at mere discretion. It can be done only for legal and sufficient reasons. We are of opinion that a ruling of the court recommitting the matter to arbitrators is a decision from which an appeal lies under sections 3163 and 3164 of the Code.

II. Did the court, then, err in recommitting this matter to the arbitrators originally selected by the parties? It is urged by the appellant that, as the time fixed by the parties for the filing of the award had passed, no award could be made after that time. But this objection is removed by section 3423 of the Code, which provides: "If the time within which the award is to be made is fixed in the submission, no award made after that time shall have any legal effect, unless made upon a recommitment of the matter by the court to which it is reported."

III. It is claimed further that the court erred, under the circumstances of this case, in recommitting the matter to the

2. —— : —— ; same arbitrators. It appears that two of the ar-
misconduct of
arbitrator.       bitrators, J. H. Camburn and O. C. L. Jones, made out and signed an award, finding in favor of the defendant $41,445.14, without hearing the arguments of counsel, before the cause was finally submitted, and when they were advised

that the plaintiff desired to introduce further testimony. It further appears that Jones, for a considerable time, had not met with the other arbitrators, on account .of sickness, and that he signed the award when in bed, relying upon the representations of Camburn that the other two arbitrators had agreed upon it, and that it would be signed by Taylor. It appears from the evidence that Camburn was very earnest and persistent in the determination that an award should be made within the time fixed in the agreement for submission, although Taylor insisted that the facts should merely be reported to the court and further time asked. It further appears that Camburn is not upon friendly terms with the plaintiff, and that they do not speak when they meet. Under such circumstances we are satisfied that he is not a proper person to determine a controversy between the parties. In Morse on Arbitration and Award, page 533–4, the following language is employed: "Acts of an arbitrator indicative of partiality constitute misconduct. The most ordinary and simple description of misconduct arises out of some act or demonstration on the part of the arbitrator indicative of bias, prejudice, or partiality. We have already seen that the first and most essential requisite in a competent arbitrator is a perfect evenness and impartiality. But it is not always enough that this intellectual condition of impartiality actually exists; for if an arbitrator possesses it, yet if he does any act which is only apparently inconsistent with it, that act will, in nearly all cases, constitute such misconduct that the award will be vacated. It is not alone the fact, but the aspect of perfect fairness which must be preserved, and an arbitrator cannot be too careful as to his conduct, holding this end in view. It is not his own consciousness of rigid justice that can support his determination of the controversy. It is not his conscientious intent to be honest, nor his conviction in his own mind that he is so, that can suffice. It is his external actions that will be subjected to scrutiny; and if these do not satisfactorily bear the test the award will fall."

The court should simply have rejected the award, and left the parties to resort to the ordinary tribunals for the settlement of their differences. In re-submitting the matter to the same arbitrators the court erred.

REVERSED.