E. S. HUNN, Appellant, v. GRACE E. ASHTON, et al., Appellees.

Commissions: EFFECT OF PLEADING OVER. By pleading over after 1　a motion for a more specific statement is sustained, an objection to the ruling on the motion is waived.

Commissions: OTHER AGENTS: EVIDENCE. In an action for commissions for sale of land where defendant denies the agency and that plaintiff performed any service, but avers that a sale was made through other authorized agents, it is competent for the defendant to show the employment of others to negotiate a sale.

Agency: REVOCATION OF AUTHORITY: EVIDENCE. An agreement
3   constituting one an agent to rent, pay taxes and make improve-
    ments to property with a view to procuring purchasers, with
    a stated percentage to such agent of rents collected, does not
    amount to authority to procure a purchaser, and even if it did
    a revocation of the agency to rent, etc., operates to terminate
    such authority.    Evidence considered and held to establish a
    revocation of the agent's entire authority.

Agency: COMMISSIONS: EVIDENCE. Evidence in an action by a
4   real estate agent to recover commissions for the sale of real
    estate held insufficient to support the claim that the sale was
    made by the agent or that he was the inducing cause.

*Appeal from Polk District Court.*—HON. W. F. CONRAD,
Judge.

WEDNESDAY, OCTOBER 14, 1903.

ACTION at law to recover a sum alleged to be due
plaintiff, a real estate agent, as commissions earned in
making a sale of real estate for defendants. There was a
trial to the court, a jury being waived. Judgment was
rendered in favor of defendants for costs, and the plaintiff
appeals.—*Affirmed.*

*C. E. Hunn* for appellant.

*C. H. Sweeney* and *Halloran & Starkey* for appellee.

BISHOP, C. J.—Upon entering their appearance in the
action the defendants filed a motion addressed to the peti-
tion asking that some of the allegations thereof be made
1. EFFECT OF   more specific.    This motion was sustained,
   pleading over. and plaintiff now assigns error based upon
the ruling. Whatever may have been the theory upon
which the ruling was predicated, and whether such ruling
was correct or otherwise, we cannot consider the assign-
ment, for the reason that the record shows that the ruling
was complied with by an amendment filed in which the
additional facts called for were set out. We may concede
that a ruling upon a motion for more specific statement,

certain conditions being presented, may be the proper sub-
ject of an assignment of error; but to have any force it
must appear that the complaining party elected to stand
upon his pleadings, or upon the ruling as made. Here the
motion having been sustained, the plaintiff, although sav-
ing an exception at the time, thereafter elected to plead
over in compliance with the ruling. The effect of this
was to waive any error, if such there was, in the ruling.
*Denby v. Fie*, 106 Iowa, 299; *Hurd v. Ladner*, 110 Iowa, 263.

II. Over the objection of plaintiff, defendants were
allowed to introduce evidence relative to the employment
by them of real estate agents other than plaintiff to sell
the property in question, and of this plaintiff
complains, and assigns error. We think the
evidence was properly admitted. It is un-
doubtedly true, and this is what the cases cited by counsel
hold, that where one employs a real estate agent to secure
a purchaser for property, and the agent enters upon his
employment, and is successful, he is entitled to his com-
pensation in full. As to him it is immaterial how many
other agents were employed or paid. But in the case
before us the defendants were denying the agency of
plaintiff. They were denying that the purchaser for the
property was procured by him, and were asserting that
the sale on account of which plaintiff was claiming a com-
mission was actually procured and brought about by an-
other real estate agent, who had been employed by defend-
ants, and who had been paid by them for his services.
The evidence offered, therefore, had a material bearing
upon the defense thus asserted, and was properly admitted.

2. COMMISSIONS: other agents: evidence.

III. The contention of plaintiff is that he was em-
ployed by defendants to procure a purchaser for certain
real estate situated in the city of Des Moines, and then
owned by the defendant Grace E. Ashton;
that he did secure a purchaser in the person
of F. M. Hubbel, who took the property at

3. AGENCY: revocation of authority: evidence.

the price demanded by defendants. The defendants deny the agency of plaintiff, and deny that he secured for them a purchaser for the property in the person of said Hubbell; that the sale to Hubbell was procured through other agents, who were paid by them for the service. Plaintiff insists that under the evidence judgment should have been entered in his favor. In this we cannot agree. In 1895 plaintiff was employed by defendant Grace E. Ashton to take charge of the property in question, with other property of like character in the city of Des Moines, the agreement therefor being in writing, and the material part thereof being as follows: "For the collecting of rents, making such improvements as is necessary to keep the property in fair condition, keeping the property insured, paying taxes and such other improvements that may become necessary with a view to procuring purchasers, and to make at suitable times reports of money collected, paid out," etc., "and to receive for compensation eight per cent. of the amount collected," etc. It is conceded that plaintiff acted under such employment for some time collecting rents, paying taxes, making improvements, etc. It appears, however, that after the lapse of some time defendants became dissatisfied, and appointed C. C. Nourse as their attorney to take the property out of the hands of plaintiff, and to demand and receive from him all papers and documents relating to the properties, including the written agreements above referred to. Upon demand plaintiff turned over to Nourse all charge of the properties, and all papers, etc., in his hands relating thereto, and the property was then by Nourse put into the hands of Hatton & McCutcheon, real estate agents. Counsel for appellant argues that the written agreement in effect constituted his client an agent for the purpose of and with authority to procure a purchaser for the properties of appellee; that the change subsequently made by appellee had relation only to the immediate charge of the properties, and did

not have the effect to revoke the agency for the sale of the properties.    We cannot see how either proposition can be accepted as true.    While the instrument discloses a purpose to make sale of the properties at some time, yet there is no language that can be distorted into a direct authority to the agent to make sales, and there are no terms or conditions of sale specified.    But, if this were not so, we think the evidence in the case makes it clear that the revocation of authority by defendants was full and complete; that for all purposes the agency of plaintiff then ceased and was determined.    With this conclusion we are content, and no good purpose, as we perceive, can be subserved by any discussion of the evidence in detail.

It follows that the right of plaintiff to recover, if any he has, must arise out of a subsequent employment, and the performance of service by him thereunder.'    No direct employment is claimed.    It appears only that plaintiff entered into correspondence with the defendants, then residing in the east, asking for prices, terms of sale, etc., and stating that he had an offer for the property, and believed he could effect a sale thereof. Defendants replied, saying, in substance, that offers would be considered, but for some time no price was named by them.    Plaintiff called the attention of Hubbell to the property, and made continued efforts to effect a sale to him.    Offers made by Hubbell were communicated by plaintiff to defendants, and a sale recommended; but all such were refused.    Finally defendants announced a price which they would take, being considerably in excess of any offer theretofore made, and it appears this was communicated not only to plaintiff, but to Hatton & McCutcheon.    The later firm went to Hubbell, and made the sale to him at the price fixed.    Conceding now that, had the negotiations by which the property was finally sold to Hubbell been completed by plaintiff, he would have been entitled to recover of defendants a commission—a debat-

4. AGENCY: commissions: evidence.

able point, to say the least—yet we discover no ground for recovery based upon the conditions as presented. Accepting the claim of agency as contended for by appellant, still it is to be said from the record that his authority to sell was not exclusive. Every offer he had secured from Hubbell had been rejected, and it does not appear that the price of the property, as finally announced by defendants, was ever submitted by plaintiff to Hubbell. These were the facts as found by the court below, and under the well-known rule they are conclusive upon us, as would be the finding of a jury. Taking such to be the situation, we think it must be said that the evidence does not warrant the allegation that a sale of the property was made by plaintiff, or that he was the inducing cause thereof. The cases cited by counsel have no application to such a state of facts, and we need not, therefore, review them.

We reach the conclusion that the judgment of the court below was right, and it is AFFIRMED.