D. E. LONG and Nine Others, Appellants, v. W. S. FURNAS, Appellee.

Liquidated damages: DEMURRER: EFFECT OF PLEADING OVER. In an action to recover liquidated damages for a breach of contract, where the court held on demurrer that liquidated damages were not provided by the instrument, any error in the ruling was waived by amending and alleging specific items of damage.

**Liquidated damages:** PLEADINGS. In an action to recover liquidated damages provided in a contract, it is not necessary, in addition to the contract and its breach, to allege and prove specific damages.

**Same.** A demurrer to a petition seeking to recover liquidated damages, grounded on the allegation that there was no claim of special injury, was not inconsistent with defendant's theory that the contract provided a penalty and to state a cause of action therefor special damages must be alleged.

**Liquidated damages:** SPECIAL INJURY. Claims of special injury, in an action for liquidated damages, which are not provided for in the contract should be stricken out on motion.

**Parol evidence:** VARIANCE OF WRITING. An oral understanding that a provision in a contract was intended as liquidated damages, cannot be shown, where the writing is not obscure or ambiguous.

*Appeal from Linn District Court.*— HON. J. H. PRESTON, Judge.

WEDNESDAY, MAY 9, 1906.

FROM a judgment for defendants on demurrer to plaintiff's petition, the plaintiffs appeal.— *Affirmed.*

*Wm. Dennis* and *C. W. Kepler & Son,* for appellants.

*W. A. Johnson* and *F. F. Dawley,* for appellee.

WEAVER, J.— The case as stated by the plaintiffs is substantially as follows:    On and prior to April 25, 1903, the defendant was the owner and proprietor of several business enterprises at the town of Lisbon, in Linn county, Iowa, in which considerable capital and labor were employed, and the plaintiffs were citizens of the town of Mt. Vernon, in the same county, where they owned property and were engaged in business.    The defendant professing a desire to remove his several business enterprises from Lisbon to Mt. Vernon, and the plaintiffs believing that the establishment of the same in their town would increase its

business and trade and add to the value of its property, a written contract was entered into whereby defendant agreed to fully and completely move from Lisbon and to establish, conduct, and continue in Mt. Vernon for a period of not less than five years the business enterprises of the W. S. Furnas Company, the American Manufacturing Company, the Lisbon Mutual Insurance Association, and the Equity Mutual Insurance Association, and that such removal should be consummated within one year from the date of the contract. He also agreed within the year to erect and complete in Mt. Vernon upon such site and location as he might select and purchase, a suitable building or buildings in which to carry on the business owned by him. In consideration of these agreements the plaintiffs jointly agreed to pay to the defendant the sum of two thousand dollars, one-half when the work of the removal by the defendant was approximately half completed, and the remainder upon the completion of the building in Mt. Vernon. Of the other stipulations of said contract we need here set out only the following: " For the purpose of securing the faithful performance of this contract, and as a measure of liquidated damages for a failure to perform the conditions of this agreement, each of the parties hereto agree to pay the other the sum of two thousand (2,000) dollars for his breach of each, any or all of the conditions herein and said sum shall become a lien upon the property of the parties to this contract and so remain until paid."

In their original petition after setting out the foregoing facts plaintiffs proceed to allege " that they have at all times been able, ready, and willing to pay the defendant the said sum of two thousand dollars according to the terms of the agreement, but defendant has refused and still refuses to carry out or perform the terms of his said written agreement or any part thereof," and on the showing thus made they demand a recovery of damages in the liquidated sum of two thousand dollars. The defendant demurred to the

petition on several grounds which may be condensed into the single proposition that the contract provides for a penalty only and not for liquidated damages, and the petition wholly fails to state or allege any injury or damage to the plaintiffs by reason of the defendant's failure to perform. This demurrer was sustained and thereupon plaintiffs amended their petition and alleged: (1) That relying upon said written agreement they spent two weeks' time in canvassing the town of Mt. Vernon to raise the sum agreed to be paid to the defendant and that their services in this behalf were worth $200; (2) that they employed an attorney to prepare the said written contract and to advise them in the matter and that such services were reasonably worth $50; (3) that relying upon the carrying out of said contract by defendant and the consequent enhancement in the value of their property and business and of the property and business of the town generally, they secured options on land which they deemed suitable for the location of the buildings to be occupied by the defendant, paying for said options the sum of twenty-five dollars and because of the defendant's failure to perform his agreement, said options became valueless; (4) that at defendant's request they spent time in looking up and selecting locations suitable for defendant to purchase as a site for his said buildings; (5) that it was orally and mutually agreed and understood at the time of entering into the contract that in the event of a failure by either party to carry out the agreement the damages would be uncertain and incapable of definite ascertainment or measurement and in view of such fact it was further agreed and understood that the sum of $2,000 mentioned in the clause of the writing above quoted should be considered and treated as liquidated damages and not as a mere penalty; and (6) that relying upon said mutual understanding plaintiffs entered into the contract and performed labor and incurred expense as aforesaid to their actual damage in the sum of $2,000. On the filing of this amendment

defendant moved to strike therefrom each of the several paragraphs above referred to as being statements of irrelevant and immaterial matters not within the contemplation of the contract, that the damages sought by plaintiffs are speculative and remote and that the pleading as amended in no manner avoids the objections or grounds upon which the demurrer to the original petition was sustained. The motion to strike having been sustained and plaintiffs refusing to further plead, the action was dismissed and plaintiffs appeal.

Much attention has been given by counsel on both sides to the inquiry whether the contract is to be construed as providing for liquidated damages, or whether the sum named

1. LIQUIDATED DAMAGES: demurrer: effect of pleading over.

is to be treated simply as a penalty. The question is one of much interest and is by no means free from difficulty; but, in our judgment, the record before us makes it unnecessary for us to enter that field. If there was any error in the ruling of the trial court in this respect it was in sustaining the demurrer to the original petition, for the question was there distinctly presented; indeed it was the only material question raised by the demurrer. The ruling of the court thereon was a ruling that the contract did not provide for liquidated damages and if this was error the only method by which a review thereof in this court could be obtained by the plaintiffs, was for them to stand upon their pleading as then made and appeal from the adverse ruling. This they did not do, but pleaded over, amending their petition, and alleged or attempted to allege specific items of damage on which a recovery was demanded. This according to the well-settled rule was a waiver of the error, and the ruling became and is the law of the case without regard to the question of its correctness as an abstract proposition. *Wyland v. Griffith,* 96 Iowa, 24; *Krause v. Lord,* 100 Iowa, 666; *Frick v. Kabaker,* 116 Iowa, 503; *Frum v. Keeney,* 109 Iowa, 396.

Counsel for appellant seek to avoid this result by insisting that the effect of the ruling upon the demurrer was not

that the contract provided for a penalty merely instead of

**2. LIQUIDATED DAMAGES: pleading.** liquidated damages. According to their theory the trial court held simply that before a case could be made for recovery of liquidated damages, plaintiffs must not only allege a failure by defendant to perform his agreement, but must further show some specific item of injury and damage over and beyond the nominal damage which the law will presume from a breach of contract. But such is not the record. Of the seven grounds assigned for the demurrer, four are merely general statements which may be disregarded. The other three are variations in the statement of the single proposition that the contract does not provide for the recovery of stipulated damages, and there being no allegation of any specific injury or damage by reason of the alleged breach of its conditions by the defendant, the petition states no cause of action. There is no suggestion in the proposition thus stated that to recover stipulated damages, where the contract provides therefor, the plaintiff must not only show the breach of the contract by the defendant but must also plead and prove some specific injury. Such is not the law. 5 Ency. Pleading & Practice, 739; *Spicer v. Hoop,* 51 Ind. 365.

Nor can the demurrer by any fair construction of its language be said to make such a point nor can the court in sustaining the demurrer be said to have affirmed any such

**3. SAME.** doctrine. It is true the demurrer does point out the failure of the plaintiffs to allege any specific injury, but this was entirely consistent with defendant's claim that the contract provides for a penalty only and that to state a cause of action thereunder some specific injury or damage must be alleged.

Such being our view of the effect of the ruling upon the demurrer we have only to inquire whether there was any

**4. LIQUIDATED DAMAGE: special injury.** error in sustaining the motion to strike the amendment. The ruling was correct. If plaintiffs expended time in canvassing their fellow citi-

zens for aid in paying the bonus which they had bound themselves individually to pay to the defendant, it was something which the contract did not bind them to do. Such labor was apparently for their own benefit, to relieve or indemnify themselves in part for the obligation they had assumed. It profited the defendant nothing because by the terms of the contract he looked to the plaintiffs alone. In short there is nothing whatever in the contract requiring the plaintiffs to perform such work or service. So, also, as to the item for attorney's fees, for money paid for option upon land, and labor selecting a location for buildings at request of the defendant. Not one of these services or expenses is called for by the contract and counsel do not point out any provision or stipulation therein which places upon defendant any obligation to pay therefor. It is possible that for any such services done or performed at his request defendant may be liable to plaintiffs in an appropriate action therefor, but no such liability exists upon the contract in suit.

The paragraph alleging an oral understanding of the parties that the contract should be considered as providing for liquidated damages is too clearly bad to call for special consideration. This is not an action to re-

5. PAROL EVI-
DENCE: vari-
ance of writing.

form the writing. The agreement is not so obscure or ambiguous as to require oral explanation. The language employed is clear, and one of the parties to it cannot be allowed to escape its effect by averring that the words were not used in the sense in which they are ordinarily interpreted by the courts.

There is no prejudicial error in this record, and the judgment of the district court is *affirmed*.