### THE PURITAN MFG. CO., Appellant, v. THE EMPORIUM.

**Pleading:** WAIVER OF ERROR. Error cannot be predicated on the overruling of a motion to strike and a demurrer to a pleading where the party proceeds to trial and thereafter fails to again call the attention of the court to the objections raised in the motion and demurrer.

**Sales:** REPRESENTATIONS OF AGENT. Where a written order for goods contains neither a description nor a warranty as to quality. the buyer may rely on the representations of the seller's agent, made by the exhibition of samples and otherwise, as to quality and character.

**Sales:** AGREEMENT TO REPLACE: WARRANTY: ORAL REPRESENTATIONS.
3  An agreement of the seller, embodied in a written order for
    goods, to replace an article does not amount to a written
    warranty so as to preclude the buyer from relying on the
    representation of the seller's agent, as to quality and descrip-
    tion.

*Appeal from Dubuque District Court.*— HON. FRED O'DON-
NELL, Judge.

### FRIDAY, MAY 11, 1906.

ACTION for goods sold and delivered to defendant un-
der a written order. Defendant pleaded that it had been
induced to sign the order by fraud, that the goods furnished
did not correspond to warranty, and that the order had been
rescinded by defendant and the goods returned to plaintiff.
Verdict for defendant. Plaintiff appeals.— *Affirmed.*

D. C. *Oehler* and R. P. *Howell,* for appellants.

J. W. *Malvin,* for appellee.

PER CURIAM.— The written order on which plaintiff's
action is based was for an assortment of jewelry including
over two hundred kinds, and as to many of these kinds was
for from one to four dozen articles of each. The kinds were
briefly enumerated in a printed order furnished by plaintiff's
traveling salesman, and the assortment as called for by the
printed order, which was signed without change in this re-
spect, amounted in price to three hundred and twenty-four
dollars, the sum for which plaintiff sues. There is in the
order no description of quality and no warranty, but there is
an agreement that any article of jewelry failing to wear sat-
isfactorily will be replaced by a new article free, if returned
within five years, on condition that the terms of the contract
have been fully complied with. The other stipulations in
the order are not important in the disposition which we shall
make of the case.

I. Error is assigned in the overruling of portions of plaintiff's motion to strike separate divisions of defendant's answer, and also in the overruling of various grounds of de-

1. PLEADING: waiver of error.

murrer to separate divisions of the defendant's amended answer. But these rulings need not be considered, for the reason that plaintiff proceeded to trial on the amended answer and did not, so far as it appears, raise these objections at any subsequent stage of the proceedings. The instructions given by the court to the jury are not presented in the record and some of the issues raised by the answer may not have been submitted to the jury for lack of evidence to support them, or for other reasons. We are unable to say, therefore, that plaintiff has been prejudiced by the refusal of the court to strike any particular provision of the answer, or by its refusal to sustain a demurrer to any one of the various divisions of the amended answer to which objection was made. We have held that a party going to trial after the overruling of a motion to strike or a demurrer, cannot urge error in such ruling on an appeal from the final judgment unless subsequently on the trial he has presented, in some way, to the court his objections to the pleadings. *Buchanan v. Blackhawk Coal Works,* 119 Iowa, 118; *Frum v. Keeney,* 109 Iowa, 393. It would be manifestly idle for us to speculate whether plaintiff was prejudiced by the overruling of a motion or demurrer as to any particular division of the answer without knowing whether the issue raised by that division was submitted to the jury, so that the verdict would have been different if the motion or demurrer as to that division had been sustained.

II. While error in ruling on the admission of evidence is assigned in a general way, no specific rulings are pointed out as erroneous, and we think that we have no questions before us on the record except that raised by motion for new trial that the verdict is without support in the evidence.

In one division of the answer it is alleged that the goods were not according to sample and as represented; that the

order was procured by false and fraudulent representations concerning the quality and price of the goods; **2. SALES: representations of agent.** that on examination the goods were found not to correspond to the samples exhibited and the representations made by plaintiff's agent; and that they were thereupon returned to the plaintiff. There can be no doubt as to the right of defendant to rely upon representations of plaintiff's agent, made by the exhibition of samples and otherwise, as to the quality and character of the goods which would be shipped, for, as already indicated, the order in itself contained no description or warranty as to quality.

It may have been intended by the plaintiff that the purchaser should be induced to sign an order lacking these essential elements of an ordinary contract for the purchase of **3. SALES: agreement to replace: warranty: oral representations.** goods without inspection, by stipulations in the contract that any article might be exchanged within five years and that if after one year the total sales of the goods had not exceeded a certain gross sum by that time the plaintiff would buy back for cash at original invoice prices all the goods contained in the order remaining on the merchant's hands. But these stipulations as to exchange and return did not preclude a warranty by plaintiff's agent outside of the contract, nor prevent defendant from relying on representations made to it as to quality, and, of course, if the goods shipped to defendant did not correspond to the samples exhibited by the agent, defendant was under no obligation to accept them. Now there is some evidence in the record from which the jury might have found that the goods did not correspond with such samples as were exhibited, nor to the representations of the agent. Defendant's manager also testified as a witness that the agent told him all the goods would be accompanied by a five year written warranty, and that no written warranty was furnished. Counsel for appellant argue that the order itself contained the five year warranty, but, as already indicated, there was no warranty in the order, but only an agree-

ment to exchange a new article for any article failing to wear satisfactorily. This was very far from being a warranty, and from serving the proper purpose of a warranty to the defendant, a retail dealer in jewelry. The articles may have been such that the defendant could not, without risk to its reputation in the business, sell them to its customers, and still there would be no breach of any written warranty found in the order. An agreement to replace or repair does not prevent reliance by the buyer upon the representations as to quality or particular description. *Timken Carriage Co. v. C. S. Smith & Co.*, 123 Iowa, 554.

We are satisfied that there was evidence to support the verdict, and the judgment rendered on the verdict in favor of the defendant must be *affirmed*.