542 Lanz v. Schumann. [175 Iowa

5. COSTS: appor-
tionment: man-
damus.

---

HATTIE LANZ et al., Appellees, v. A. C. SCHUMANN et al.,
Appellants.

APPEAL AND ERROR: Waiver of Error—Acquiescing in Decision—
1 Demurring Over. Filing a demurrer, after the overruling of a

motion to strike a substituted petition because a repetition of a former pleading already held bad on demurrer, works a waiver of any error in the ruling on the motion to strike, and presents a case where the substituted petition will be ruled on without reference to the original pleading.

**COURTS:** Rules of Decision—Law of Case—Right of Court to Reverse its Ruling. So long as a cause is before the trial court and undisposed of, the court may reverse its former ruling whenever convinced of its error. So held where the court first sustained a demurrer to the petition and later overruled a demurrer to a substituted petition, claimed to be a repetition of the first.

**QUIETING TITLE:** Oral Agreement to Sell—Consideration Delivered. Title will be quieted against one who orally agrees to sell his interest in lands, followed by the delivery by the purchaser of the consideration, as per contract.

**EVIDENCE:** "Parol Evidence" Rule—Non-Applicability to One Not Signing. The "parol evidence" rule is not applicable to one who does not sign the writing in question.

*Appeal from Jasper District Court.*—Henry Silwold, Judge.

Saturday, November 27, 1915.

Rehearing Denied Friday, April 7, 1916.

The opinion sufficiently states the case.—*Affirmed.*

*Bray, Shiflett & Wilkie,* for appellants.

*E. S. McLaughlin* and *Ross R. Mowry,* for appellees.

Weaver, J.—In their original petition, plaintiffs alleged themselves to be the owners in fee simple of certain described real property and that their title in part was acquired by purchase from the heirs of one Herman Lanz, deceased, one of whom was the defendant May Schumann, such purchase being made by written contract signed by said May Schumann and Rosa Stecher; but that by mistake, there was omitted from the contract words expressing an agreement by the sellers that their husbands should unite in the deed of conveyance.

They further alleged that defendant A. C. Schumann was present and orally agreed to join in executing a quitclaim deed to plaintiffs; that, relying thereon, plaintiffs made and delivered their promissory note for the agreed purchase price of $3,100, and have in all respects kept and performed their part of the agreement. They further alleged that the defendant May Schumann did make a deed as promised, but that A. C. Schumann did not join therein and refuses to do so. Upon the grounds stated, the plaintiffs prayed that their title be quieted against the defendants and that the contract of sale be reformed to correct the alleged mistake. To this pleading, the defendant demurred generally, and the court sustained the demurrer. Plaintiffs thereupon filed an amended and substituted petition, restating practically all the matters contained in the first pleading, except the allegation of mistake in the written contract. It further alleges that plaintiffs purchased from defendants all their interest, vested and contingent, in the described land, and that defendants agreed to execute a quitclaim deed accordingly, and that A. C. Schumann was present, took part in and agreed to all the terms of said contract, which contract was oral, except as to that part thereof embraced in the writing mentioned in the original petition as having been signed by May Schumann and Rosa Stecher only, as grantors. It is further alleged that, in consideration of said agreement, plaintiffs made and delivered to defendants their promissory note for $3,100, which note has been sold and transferred to a third party; but the defendant A. C. Schumann refuses to make a conveyance according to promise. Relief is again prayed that plaintiff's title be quieted and confirmed, and for other and general relief. Defendants moved to strike the substituted petition because it stated no other or different cause of action than was set up in the original petition, to which a demurrer had been sustained. The motion having been overruled, defendants demurred generally to the sufficiency of the petition. The demurrer was overruled, and defendants, refusing further

to plead, elected to stand upon their demurrer. Decree was then entered finding the truth of the allegations of the petition, and establishing, confirming and quieting the title to the land in the plaintiffs. Defendants appeal.

I. It is argued for appellants that the ruling upon the demurrer to the original petition became the law of the case, and it was therefore error for the trial court to permit the substituted petition to stand and to overrule the demurrer thereto. For several sufficient reasons, the point is not well taken. In the first place, the defendants had once raised the question of the substantial identity of the substituted petition with the original petition, by their motion to strike. The court overruled the motion, thereby, in effect, holding that the second petition was not a mere repleading of the matter stated in the first. Defendants did not elect to stand upon the motion, but proceeded to demur. This was a waiver of the error, if any, in the court's ruling on the motion, and the demurrer served only to raise the question of the sufficiency of the substituted petition, without any reference to the original pleading or to the ruling upon the first demurrer.

1. APPEAL AND ERROR: waiver of error: acquiescing in decision: demurring over.

Moreover, while the ruling on the first demurrer may have been the law of the case so long as it stood unchanged, the court did not by such ruling so tie its own hands or so exhaust its jurisdiction that, if it saw reason to change its own mind, it could not withdraw or change its holding and enter such ruling as, upon further reflection, it believed to be right, so long, at least, as the case was still before it and undetermined. There is nothing in *Long v. Furnas*, 130 Iowa 504, which is in any manner inconsistent with this holding.

2. COURTS: rules of decision: law of case: right of court to reverse its ruling.

II. Looking, then, to the sufficiency of the substituted petition, we have no hesitancy in holding that it states a cause

of action. Its allegations, admitted by the demurrer, show that certain persons, including the defendant

**3. QUIETING TITLE: oral agreement to sell: consideration delivered.** A. C. Schumann, agreed to quitclaim their interests in the land to plaintiffs for a specified consideration, and that the agreed consideration was furnished. Stated otherwise, there was an oral agreement to the effect indicated, which agreement was reduced to writing with some of the grantors, but remained in parol with A. C. Schumann. Plaintiffs have performed their part, as have also the grantors signing the agreement, but A. C. Schumann refused to perform, on his part. Wholly irrespective of the question whether there was any mistake in the written agreement, or whether A. C. Schumann ever agreed to sign it, the case is clearly one in which the plaintiffs are entitled to equitable relief against him. If he was present, as the demurrer admits, taking part in the negotiations for the purchase, and agreed to the sale at the stated price, and plaintiffs, relying upon his conduct and his promises, made the settlement and turned over the agreed consideration, he cannot escape specific performance simply because his name is not subscribed with those of the other grantors to the written instrument. To thus hold him does not, as

**4. EVIDENCE: "parol evidence" rule: non-applicability to one not signing.** counsel seem to think, involve any departure from the rule which makes incompetent proof of oral agreements to vary or alter a written contract. Mr. Schumann is not a party to the writing, and he cannot avail himself of its protection in this respect. It is only a party to a writing who can use it as a screen to shut out oral evidence of the actual agreement. It makes no difference what may be Schumann's relation to the land or to the other grantors, the petition, being taken as admitted, sufficiently shows (and his attitude in this case confirms it) that he was claiming some sort of an interest, contingent or otherwise, in the land in question; that he agreed to convey it for a consideration to be paid to some or to all the grantors; that the consideration has been delivered; and that he con-

tumaciously refuses to perform. But one conclusion can be drawn, and that is that plaintiffs are entitled to the relief granted.

The case of *Miller v. Morine,* 167 Iowa 287, on the subject of contract partly oral and partly in writing, has no application to the issues here presented. To sustain the decree below, it is not necessary to base it upon the theory that defendant A. C. Schumann was a party to a contract partly in writing and partly in parol. It is true there was a written contract, but it was not with him. So far as he is concerned, it was wholly oral, and by his demurrer, he admits it as alleged. The decree of the trial court is clearly equitable, and it is— *Affirmed.*

EVANS, C. J., DEEMER and PRESTON, JJ., concur.