C. H. POLK, Appellee, v. FREMONT COUNTY et al., Appellants.

**PLEADING:** Defects and Objections—Waiver by Answering Over. The right of a claimant for damages occasioned by a condemnation of land for highway purposes, to amend his claim on appeal and materially increase the amount thereof, is not presented by a record showing that the motion to strike the amendment was overruled, and that the movent *answered over,* and did not, in the further progress of the trial, *again raise said question.*

*Appeal from Fremont District Court.*—GEORGE W. CULLISON, Judge.

APRIL 1, 1924.

PLAINTIFF appealed from the award of damages made by the board of supervisors in the change of location of a public highway. A jury was waived. From a judgment increasing the amount awarded, the defendants appeal.—*Affirmed.*

*Tinley, Mitchell, Ross & Mitchell* and *Vernon Johnson,* for appellants.

*A. L. Chantry* and *Thornell & Thornell,* for appellee.

VERMILION, J.—The plaintiff and appellee prosecuted two appeals from the action of the board of supervisors in relation to the damages awarded him by reason of the change of location of a public highway. The first appeal was from the award of $475 upon his claim for $600. The second appeal was from the action of the board in refusing to grant a rehearing upon the question of damages and rejecting an amended claim wherein

appellee asked damages in the sum of $3,100. In the lower court, appellee filed an amended and substituted petition in the first appeal, wherein he claimed damages by reason of the change of location of the highway in the sum of $3,100, and set up certain facts upon which the claim was based, and by virtue of which he claimed the right to recover the larger amount, notwithstanding that his original claim filed before the board was for only $600.

The defendants, the appellants here, filed a motion in the court below to strike all of the amended and substituted petition except such parts as related only to the original claim of $600 damages. This motion was overruled. Thereafter, the appellants filed an answer and an amendment to the answer. The two appeals were consolidated, a jury was waived, and the cause tried to the court as a law action.

The abstract contains nothing but the pleadings and certain exhibits that were introduced in evidence. The shorthand notes of the testimony were destroyed by fire, and the evidence as a whole is not before us.

It is said that the court erred in the ruling on appellants' motion to strike parts of the amended and substituted petition. If there was error in the ruling, it was waived by appellants by pleading over. *Wyland v. Griffith,* 96 Iowa 24, and cases cited; *Frum v. Keeney,* 109 Iowa 393; *Hurd v. Ladner,* 110 Iowa 263; *Frick v. Kabaker,* 116 Iowa 494; *Hunn v. Ashton,* 121 Iowa 265; *Davis & Shangle v. Boyer,* 122 Iowa 132; *Long v. Furnas,* 130 Iowa 504; *Puritan Mfg. Co. v. Emporium,* 130 Iowa 526; *Iowa-Minnesota Land Co. v. Connor,* 136 Iowa 674; *Lanz v. Schumann,* 175 Iowa 542.

It is urged that there was error in allowing plaintiff to amend his original claim of $600 by demanding $3,100 damages on account of matters not set up in the original claim. The demand for the larger amount and the allegations on which the demand was based were the matters assailed by the motion to strike. Appellants, having waived any alleged error in the overruling of the motion, are in no better position to complain of the action of the court in permitting the amendment to stand. Another amendment claiming the larger amount was filed in the consolidated case. It did not change the issues as they stood

upon the overruling of the motion, and it was not assailed by motion or demurrer.

Finally, it is said that the court erred in awarding plaintiff damages in excess of $600, the amount claimed in the first instance before the board of supervisors.

We understand counsel to rely, in this connection, upon the questions raised by the motion to strike.

The answer and amendment did not present the questions raised by the motion. The proceedings for the change of location of the road and the allowance made upon plaintiff's claim for damages were set up, the amount so awarded was alleged to be fair and reasonable, and all other allegations of the petition were denied. It was alleged that, after the allowance of plaintiff's claim in the sum of $475 and in reliance on the fact that he claimed only $600, and could recover no more on appeal, the road was established; and it was alleged that thereby plaintiff was estopped to claim more than $600. This presented, not the question of plaintiff's right to so amend his claim, as raised by the motion to strike, but an issue of fact upon the matters set up in the petition, and a plea of estoppel, based on the fact that the claim had been amended after the road was established. The plaintiff in reply set up matters in avoidance of the plea of estoppel, and the case proceeded to trial on the issues so formed.

As we have said, the evidence is not before us. Moreover, it is conceded that the evidence tended to support the finding of the court below, and that the question of the sufficiency of the evidence to support the finding of facts is not presented by this appeal.

The record does not show that the questions raised by the motion were thereafter in any way raised during the trial, or again presented to the court. There was no motion for a new trial. An additional abstract filed by appellants recites that the matters raised in the motion were urged in objections to all the testimony offered by plaintiff. This additional abstract is denied by appellee. A denial by appellee of appellant's abstract must be taken as true, unless the abstract is sustained by a certification of the record. This was not done.

In this state of the record, the question of the right of the

plaintiff to amend his claim is not presented for review. His right to recover more than $600 is presented only as a question of fact as to the amount of his damages, and under the plea of estoppel. As to both of these questions, the finding of the court is, upon the record, conclusive.

No question affecting the merits of the controversy is presented for our determination. The judgment is—*Affirmed*.

PRESTON, STEVENS, and DE GRAFF, JJ., concur.