BENJAMIN A. DEPPING, Appellant, v. MINNIE HANSMEIER et al., Appellees.

**APPEAL AND ERROR:** Review—Scope and Extent—Order for More
1 Specific Statement. A plaintiff may except to an order sustaining a motion for a more specific statement and obtain a review of such ruling by refusing to plead over and appealing from the final judgment dismissing his action. (See Book of Anno., Vol. 1, Sec. 12827, Anno. 7 *et seq.*; Sec. 12828, Anno. 9 *et seq.*)

**APPEAL AND ERROR:** Abstracts of Record—Amendment—Unallow-
2 able Method. An assertion by an appellee (by way of a so-called amendment to appellant's abstract) that the appellant actively procured the very order appealed from, will be disregarded when appellee neither denies the correctness of appellant's abstract nor supports his assertion by any record or by any allowable correction of the abstract. (See Book of Anno., Vol. 1, Sec. 12845, Anno. 128 *et seq.*)

**HUSBAND AND WIFE:** Enticing and Alienating—Pleadings—Suffi-
3 ciency. An allegation that the affections of a wife were alienated by slandering the plaintiff husband and by cultivating in the wife a dislike for plaintiff is sufficient without setting out the words uttered and the persons in whose presence they were spoken; likewise an allegation that defendants "jointly and severally" conspired to alienate the affections of the wife from the husband. (See Book of Anno., Vol. 1, Sec. 11111, Anno. 42 *et seq.*)

Headnote 1: 3 C. J. p. 488. Headnote 2: 4 C. J. p. 407. Headnote 3: 30 C. J. pp. 1132, 1133.

Headnote 3: 13 R. C. L. 1464.

*Appeal from Allamakee District Court.*—W. J. SPRINGER, Judge.

APRIL 9, 1926.

REHEARING DENIED OCTOBER 4, 1926.

Action for the alienation of the affections of plaintiff's wife. A motion by defendants for a more specific statement in the petition was sustained. The plaintiff refused to plead over, and stood upon his petition. The petition was dismissed, and judgment rendered against plaintiff for costs. Plaintiff appeals.— *Reversed.*

*T. H. Goheen* and *E. R. Acres,* for appellant.

*William S. Hart,* for appellees.

VERMILION, J.—The petition charged the defendants with the alienation of the affections of plaintiff's wife. A motion for a more specific statement in the petition was sustained, by an order of court duly entered on September 24, 1924. The plaintiff excepted, refused to plead over, and elected to stand on his petition. On May 19, 1925, the court dismissed the petition, and rendered judgment against the plaintiff for costs. From this final judgment the appeal was perfected.

1. APPEAL AND ERROR: review: scope and extent: order for more specific statement.

I. Appellees present a motion to dismiss the appeal on the grounds (1) that an appeal will not lie from an order sustaining a motion for a more specific statement, and (2) that the appeal was not taken in time. It is a sufficient answer to say that the appeal was not from the order sustaining the motion, but from the final judgment dismissing the action, and was taken on the same day the judgment was entered.

II. It is further contended that the appeal from the final judgment does not bring before us for review the alleged error of the court in sustaining the motion.

The plaintiff might, of course, have amended, in compliance with the ruling, and proceeded to the trial. But by pleading over, he would have waived the alleged error in the ruling on the motion. *Northwestern Trading Co. v. Western L. S. Ins. Co.,* 180 Iowa 878; *Mann v. Taylor,* 78 Iowa 355; *Hurd v. Ladner,* 110 Iowa 263; *Hunn v. Ashton,* 121 Iowa 265; *Puritan Mfg. Co. v.*

*Emporium,* 130 Iowa 526; *Smith v. Waterloo, C. F. & N. R. Co.,* 191 Iowa 668; *Polk v. Fremont County,* 197 Iowa 755. He was not obliged to do this. He had a right to stand on his petition, with proper exceptions, and, upon final judgment dismissing his petition, to appeal therefrom. Upon an appeal from the final judgment, he may present all questions properly saved by exceptions and not waived by pleading or otherwise. *Jones v. Chicago & N. W. R. Co.,* 36 Iowa 68; *State v. Des Moines City R. Co.,* 135 Iowa 694; *Goode v. Adams Exp. Co.,* 192 Iowa 1164. See, also, *Schoenhofen Brew. Co. v. Giffey,* 162 Iowa 204.

Appellees amend the abstract "by showing that formal order of dismissal on April 19, 1925, was solely upon active procurement of appellant." The amendment does not purport to

**2. APPEAL AND ERROR: abstracts of record: amendment: unallowable method.** set out any record made in the lower court, or to make any correction in the record presented in appellant's abstract, and there is no denial of the latter. The abstract shows appellant's

exception to the final judgment. In the absence of specific denial or correction, it is to be taken as true. Section 12845, Code of 1924; *McGillivary Bros. v. Case,* 107 Iowa 17; *Kirchman v. Standard Coal Co.,* 112 Iowa 668. The appeal presents the question of the correctness of the ruling on the motion.

III. We are of the opinion that the motion should have been overruled. The fact that the wrong charged was alleged to have been committed by "slandering plaintiff and by deliberately, maliciously, premeditatedly, and wickedly

**3. HUSBAND AND WIFE: enticing and alienating: pleadings: sufficiency.** cultivating" in the wife a dislike for plaintiff, did not bring the case within any rule which requires one who alleges slander to set out the

words uttered and the persons in whose presence spoken. The allegation is that the defendants conspired to commit the wrong complained of, and jointly and severally, and "each of them acting in conjunction and separately," did the acts complained of. This sufficiently alleged that each of the defendants did the things and used the means charged.

We think that the petition sufficiently set out the acts and representations of the defendants which it was alleged were for the purpose of cultivating a dislike for plaintiff, and by which it was alleged the wife was induced to stay away from plaintiff.

The plaintiff was not required to plead his evidence, nor

each act or statement by the defendants upon which he might rely, to establish the charge of the petition. He did state quite fully the character of the statements and acts by which he alleged the affections of his wife had been alienated. This was sufficient, and the motion should have been overruled.

It results that the judgment must be, and is,—*Reversed.*

DE GRAFF, C. J., and STEVENS, FAVILLE, ALBERT, and MORLING, JJ., concur.