CHARLES R. THOMPSON, Plaintiff, Appellee, v. HENRY J. ERBES, Defendant, Appellee, HILDRED M. ERBES, Defendant, Appellant, FIRST NATIONAL BANK of Waverly, Defendant, Appellee.

No. 43373.

JUNE 19, 1936.

R. Eldon Laird, for appellant.

Sager & Sweet, for Charles R. Thompson, appellee.

MITCHELL, J.—The plaintiff filed a petition in equity, alleging that the defendants, Henry J. Erbes and Hildred M. Erbes, had entered into an oral contract with him to purchase certain real estate located in the City of Waverly, Iowa; that the real estate was purchased in accordance with said oral contract and title taken in the name of the Erbes. Plaintiff further alleged that he was to place upon said premises, and did so place, a certain building, pumps, fixtures and other furnishings to be used by the defendants in the operation of an oil station; that said improvements were to be owned at all times by the plaintiff. Further, that he was to furnish to the defendants, gasoline, oil and grease to be used in the conducting of said business. That it was orally agreed between the parties in case the defendants were unable to pay for the premises out of the business operated by them and to pay for the gasoline, oil and grease furnished, then and in that event the real estate described in the petition was to be turned over, conveyed and transferred to plaintiff in payment and liquidation of any indebtedness or obligation owing him by the defendants. Plaintiff alleged that he paid $200 cash on the purchase of the real estate; that he furnished the oil and grease as agreed upon, and that defendants failed to live up to their part of the contract and are indebted to him in the sum of $4,574; that the defendants are attempting to dispose of the real estate and place it beyond the reach of plaintiff; that under the oral contract entered into he was entitled to have the real estate conveyed and transferred to him by the defendants, free and clear of all encumbrance and liens except the lien of the First National Bank of Waverly, Iowa, for $1,000. He prayed that it be ordered, adjudged and decreed by the court that the defendants transfer, convey and set over to the plaintiff the real estate in accordance with the oral contract entered into between plaintiff and defendants; and that the reasonable market value of said real estate, with the station located thereon, be set off and applied as part payment of the indebtedness owing by the defendants to plaintiff; that title to the real estate described in the petition be quieted in plaintiff, and that he have a temporary writ of injunction,

restraining and enjoining the defendants from conveying by deed, mortgage, assignment or other instrument, any purported right, claim or title in the real estate described in the petition. And then asked for general equitable relief.

To this petition there was filed by the defendants a motion, which appears to be in three divisions. In this appeal we are confronted with but two of the divisions. Division Two of the motion moved to strike from plaintiff's petition and amendments thereto, certain paragraphs specified, because there was a misjoinder of causes of action. Division Three of the motion moved that the court transfer to the law side of the calendar the question of the liability and indebtedness, if any, claimed due from the defendants to the plaintiff for oil and grease, as set out in paragraphs 17 and 18 of plaintiff's second amendment to petition; that the issues therein tendered are law issues and that the defendants are entitled to have same tried to a jury.

The motion was submitted to the court and an order was entered, overruling the motion, which order provided that the defendants were to have ten days in which to elect further to plead or to stand on their motion and the ruling thereon, and if no further pleading was then filed said defendants would be held to stand on their motion and the ruling; that plaintiff would then proceed to prove up his case and have judgment such as the evidence showed him entitled to.

To all of this the defendants took due exception.

After the overruling of defendants' motion, both of the defendants filed answers. After the filing of the answers defendant Hildred M. Erbes perfected this appeal from the order and ruling of the district court of Bremer county, overruling divisions two and three of defendants' motion.

The question which confronts us is whether the appellant by filing answer after the overruling of her motion, has waived her right to appeal from the order overruling defendants' motion.

Section 10963 of the Code of Iowa, provides as follows:

"The court, at any time before the answer is filed, upon motion of the defendant, shall strike out of the petition any cause or causes of action improperly joined with others."

Section 10964 provides: "All objections to the misjoinder

of causes of action shall be waived, unless made as provided in section 10963.''

We find that, according to the above-cited statutes, it is provided that the court, before answer, upon the motion of defendants, "shall strike out of the petition any cause or causes of action improperly joined," and it is also provided that "unless motions are made as provided the objection to the misjoinder of causes of action shall be waived." In the case at bar the appellant did raise by proper motion, the question of an alleged misjoinder of causes of action. But, after the overruling of the motion, appellant filed answer. So we are confronted with the one proposition: whether the filing of the answer waived the right to appeal from the ruling on the motion.

In the case of Polk v. Fremont County, 197 Iowa 755, 197 N. W. 893, this court said:

"It is said the court erred in the ruling on appellants' motion to strike parts of the amended and substituted petition. If there was error in the ruling, it was waived by appellants by pleading over. Wyland v. Griffith, 96 Iowa 24, 64 N. W. 673, and cases cited; Frum v. Keeney, 109 Iowa 393, 80 N. W. 507; Hurd v. Ladner, 110 Iowa 263, 81 N. W. 470; Frick v. Kabaker, 116 Iowa 494, 90 N. W. 498; Hunn v. Ashton, 121 Iowa 265, 96 N. W. 745; Davis & Shangle v. Boyer, 122 Iowa 132, 97 N. W. 1002; Long v. Furnas, 130 Iowa 504, 107 N. W. 432; Puritan Manufacturing Company v. Emporium, 130 Iowa 526, 107 N. W. 428; Iowa-Minnesota Land Company v. Conner, 136 Iowa 674, 112 N. W. 820; Lanz v. Schumann, 175 Iowa 542, 154 N. W. 911."

In the case of Lanz v. Schumann, 175 Iowa 542, at page 545, 154 N. W. 911, 912, this court said:

"The court overruled the motion, thereby, in effect, holding that the second petition was not a mere repleading of the matter stated in the first. Defendants did not elect to stand upon the motion, but proceeded to demur. This was a waiver of the error, if any, in the court's ruling on the motion, and the demurrer served only to raise the question of the sufficiency of the substituted petition, without any reference to the original pleading or to the ruling upon the first demurrer.''

In Gray Bros. v. Otto, 178 Iowa 854, at page 857, 160 N. W. 293, 294, this court said:

"It appears from appellants' abstract that they raised the question of misjoinder, by motion filed in the district court. Without waiting, however, for the submission of such motion to the consideration of the court, they filed their answer to the merits. In December, 1914, the trial court entered a judgment for plaintiff on the merits, no ruling having been made, or apparently requested, on defendants' motion. The filing of the answer before submitting the motion to the consideration of the court was, *prima facie* at least, a waiver of such motion."

The appellant by proper motion raised the question of misjoinder of causes of action; also the question of the right of transfer of alleged law issues to the law side of the calendar. This motion was submitted to the court and an order entered, overruling said motion.

In the case of Price v. Aetna Ins. Co., 80 Iowa 408, at page 411, 45 N. W. 1053, 1054, this court said:

"Appellee contends that the statute does not allow an appeal from the rulings in question. But they affected the substantial rights of the parties, deciding, in effect, that one of the issues presented by the pleadings should be tried without a jury, and that the others might be tried with one. They denied to each party the right to have a part of the issues involved settled in a manner provided by statute for settling litigated questions. We think they were in the nature of orders from which appeals will lie. Code, section 3164; Brown v. Harper, 54 Iowa 546, 6 N. W. 747; Richards v. Burden, 31 Iowa 305, 306."

If appellant believed the order was improperly entered she should have stood upon her pleading and appealed therefrom. Appellant, however, did not see fit to do this but, instead, filed answer. When she came in and answered, she waived the right to raise the question of whether the court erred in its ruling upon the motion.

Judgment and decree of the lower court must be, and it is hereby, affirmed.—Affirmed.

Chief Justice and all Justices concur.