COMMERCIAL CREDIT CORPORATION, Appellant, v. INTERSTATE FINANCE CORPORATION, Appellee.

No. 46156.

MAY 4, 1943.

Kenline, Roedell & Hoffman, of Dubuque, for appellant

Robert W. Clewell, of Dubuque, for appellee.

MULRONEY, J.—This is a suit between two automobile-finance companies. Plaintiff's petition alleged that defendant obtained possession of certain automobiles which were the subject of conditional-sales contracts owned by the plaintiff and executed by Walt Merritt, an automobile dealer, and that plaintiff wrongfully converted said automobiles to its own use and benefit. The answer alleged that defendant loaned money to Walt Merritt secured by chattel mortgages upon the cars and defendant obtained possession of the automobiles in a replevin suit based upon these mortgages. The defendant further alleged: (1) At the time the defendant made loans to the dealer Merritt, secured by the chattel mortgages on the automobiles, defendant had no notice, actual or constructive, of any prior lien (2) plaintiff is estopped from asserting any right or lien superior to defendant's right by reason of plaintiff's conduct in leaving the automobiles with a regular retail dealer and thereby clothing him with indicia of ownership so that defendant was induced to take the Merritt notes and mortgages and pay value therefor without notice or knowledge of any claimed rights of plaintiff; that the money realized by the dealer upon defendant's mortgages was in fact paid to the plaintiff by the dealer and therefore nothing was due plaintiff by reason of its conditional-sales contracts; that plaintiff's cause of action was barred by the

statute of limitations in that more than two years elapsed between the time of the alleged conversion and the commencement of the action.

 Plaintiff moved to strike from the answer the portions alleging defendant secured possession of the automobiles in the replevin action; the portion alleging plaintiff is estopped to assert priority because it clothed the dealer with indicia of ownership and defendant was thereby induced to loan the money to the dealer upon the chattel mortgages; and the portion alleging plaintiff's conditional-sales contracts were satisfied because the dealer turned over the money obtained from the defendant to the plaintiff.

The trial court overruled the motion and it is from this ruling that the plaintiff appeals. Defendant moved to dismiss the appeal upon the ground that the order appealed from is an intermediate and interlocutory order which does not involve the merits nor materially affect the final decision.

That part of the ruling of the trial court refusing to strike the portions of the answer alleging the defendant secured possession of the automobiles in the replevin action presents no problem. The plaintiff had alleged wrongful conversion of the cars after the defendant had obtained possession of them. The defendant could in answer plead the manner in which he obtained possession. Childs v. Griswold, 15 Iowa 438.

 Much argument has revolved around the question when an appeal will lie from an intermediate order. From time to time this court has seen fit to review our decisions and state the rules which shall govern such appeals. Four such opinions are found in the cases of Northwestern Trading Co. v. Western Live Stock Ins. Co., 180 Iowa 878, 163 N. W. 350; Crum v. Emmett, 191 Iowa 797, 183 N. W. 383; Dorman v. Credit Reference & Reporting Co., 213 Iowa 1016, 241 N. W. 436; and In re Estate of Bannon, 225 Iowa 839, 282 N. W. 287. Paragraph 4 of section 12823 of the Code of 1939 provides for appeals to this court from "an intermediate order involving the merits or materially affecting the final decision."

To determine whether an intermediate order involves the merits or materially affects the final decision, we said in the Dorman case at page 1019 of 213 Iowa, page 438 of 241 N. W.,

that the order should be tested by the following question: "Will the party aggrieved thereby be deprived of some right which cannot be protected by an appeal from the final judgment?" Counsel for plaintiff and defendant, by applying the same test to the order overruling the motion to strike, arrive at opposite results. We also said in the Dorman case at page 1025 of 213 Iowa, page 441 of 241 N. W.:·

"If the ruling or order complained of is inherent in the final judgment and may be presented on appeal therefrom, this is the procedure that must be followed."

And in the Bannon case, where the appeal was dismissed, we find this pertinent statement at page 845 of 225 Iowa, page 290 of 282 N. W.:

"This court in Smith v. Waterloo, C. F. & N. R. Co., 191 Iowa 668, 182 N. W. 890, definitely decided that a party by proceeding to trial upon his petition without amending after a motion to strike portions thereof had been sustained, did not waive his right to urge the alleged error in sustaining said motion upon appeal from final judgment. In view of that pronouncement of the court as the accepted law of this state, the alleged error, if any, in the ruling, can be corrected upon an appeal from the final judgment, and therefore the order does not prevent a judgment from which an appeal might be taken."

The fact that the ruling on the motion to strike was sustained in the above-cited case is immaterial. The same result was reached in Crum v. Emmett, 191 Iowa 797, 183 N. W. 383, where the motion to strike was overruled.

At one time it was the law in this state that the party against whom the order was made must stand on the court's ruling and allow judgment to be entered against him before he could secure review of the ruling in this court. But the right to secure a review in this court of alleged error in the trial court's ruling on an intermediate motion, if the parties proceed to trial, has been the law of this state since the Dorman case. It is still the law that, if after the trial court's ruling the party against whom the order is made pleads over, there will be no review of the ruling in this court.

By applying the test question to this case we find that, if the plaintiff proceeded to trial after the ruling on the motion to strike, plaintiff could have the ruling on its motion reviewed here if it appealed from an adverse judgment. But counsel argue that if the matter sought to be stricken is defensive, then pleading avoidance of such defenses by way of reply would waive the court's ruling and thus prevent a review upon appeal from a final judgment. Counsel cite the following cases: Kirchner v. Dorsey & Dorsey, 226 Iowa 283, 284 N. W. 171; Thompson v. Erbes, 221 Iowa 1347, 268 N. W. 47; Bergman v. Carson, 226 Iowa 449, 284 N. W. 442; Y. M. C. A. v. Caward, 213 Iowa 408, 239 N. W. 41; Depping v. Hansmeier, 202 Iowa 314, 208 N. W. 288. These are all cases where the court refused to review the ruling of the trial court on motions filed by defendants when the defendants filed answer after an adverse ruling on their motions, with the exception of the Depping case which is an appeal from a final judgment where the plaintiff refused to plead over after a motion for more specific statement was sustained and this court did, after final judgment, review the ruling on this motion and the trial court's decision was reversed.

Counsel cite no other cases, but we agree that these cases would be authority for their statement that if plaintiff replied by confession and avoidance it would waive the error. But that does not render the order an appealable one. To so hold would mean that the ruling upon every motion filed by a defendant would be appealable simply because a waiver would result if he answered after an adverse ruling. By applying plaintiff's argument to the authorities it cites, every defendant could have appealed to this court from the ruling on their motions simply by showing that they would lose review rights here if they answered.

It is sufficient that plaintiff can go to trial on the merits of this case and the alleged error in the ruling will be reviewed here after judgment. We understand that plaintiff asserts that estoppel and application of funds are not defenses. If, upon trial, they are established by the evidence and appeal is taken to this court, we will determine that question.—Appeal dismissed.

GARFIELD, C. J., and MILLER, HALE, OLIVER, BLISS, MANTZ, and WENNERSTRUM, JJ., concur.